MORETON NEWHALL & another *vs.* JOSEPH W. CLARK.

The acceptance of an order, for the payment of money out of the amount to be advanced to the drawer, when the houses he was then erecting on the drawee's land should be so far completed, as to have the plastering done according to the contract between the parties, is not absolute, but conditional; and the acceptor's liability thereon is dependent on the contingency of the work being completed to a certain stage, according to the contract; nor will such acceptance become absolute, and the acceptor liable thereon, as such, by a subsequent cancellation of the contract by the drawee and the assignee of the drawer.

If the acceptor of a conditional order, dependent on the contingency of certain work being completed for the acceptor by the drawer, according to a contract between them, prohibit the drawer from proceeding to complete the work, or collude with the drawer to put an end to the contract, so as to prevent the acceptor from being liable on his acceptance, the remedy of the holder of the order, if entitled to any, which the court did not decide, is by a special action on the case for damages against the acceptor: In such case, the burden of proof would be on the plaintiff to show, that the prevention of the completion of the contract had been caused by the defendant; and any evidence on the part of the acceptor, that the drawer had failed or been unable to perform his contract, by reason of death, sickness, insolvency, or other inability, would be competent to rebut the charge.

THE plaintiffs, as the payees, brought this action against the defendant, as the acceptor, of two orders drawn on him by Henry M. Reed, for different sums, and of different dates, but in other respects of the same tenor. The declaration also contained the general counts for work and labor, money paid, &c., in common form. The following is a copy of one of these orders : —

"Boston, June 22, 1844. J. W. Clark — Please pay to Newhall & Maguire, or their order, one hundred and eighty-four dollars and sixty-six cents, out of the amount to be advanced to me when the houses I am now erecting on your land in Erie street are so far completed as to have the plastering done, according to our contract, dated April 12, 1844, now on record, and charge it to my account. Yours, &c., respectfully, Henry M. Reed."

Indorsed : "Jos. W. Clark."

The trial was before *Colby*, J., in the court of common pleas.

The plaintiff contended, that the orders and acceptance were absolute ; and the defendant that they were conditional. The presiding judge ruled this point in favor of the plaintiffs ; but considering the question doubtful, allowed them to proceed and introduce evidence to show, and the fact was admitted, that, on the 14th of February, 1845, Reed, the contractor and drawer of the order, made an assignment to Rice and Jenkins of all his right in the contract, and that on the same day the contract was cancelled by Rice and Jenkins and the defendant.

The plaintiffs contended, upon this evidence, that if the orders were conditional, the defendant and the drawer having cancelled the contract, the defendant had thereby rendered himself liable absolutely, from the time of the cancellation ; and the presiding judge so ruled. The defendant thereupon offered to show the following facts, by way of explaining and avoiding the effect of the cancellation : —

That the contract had expired by its own limitation, at the time of the cancellation ; that Reed had wholly failed to comply with the terms of the contract, and had released the premises to Clark ; that the work done by Reed was not done pursuant to the contract ; that he was utterly unable to

32 *

complete the work, and that in February, 1845, the work was wholly suspended; that this was well known to the plaintiffs; and that the assignment was made in consequence of the utter inability of Reed to go on with and complete the contract.

This evidence, being objected to by the plaintiffs, was considered inadmissible by the court, and rejected.

It was agreed that the plaintiffs worked upon the houses mentioned in the contract to the full value of the sums for which the orders were drawn, and on the faith of these orders.

Upon the facts in evidence, the presiding judge ruled, that the plaintiffs could recover, and a verdict being returned accordingly in their favor, the defendant alleged exceptions.

*E. Blake*, for the defendant.

*Amos B. Merrill*, for the plaintiff.

SHAW, C. J.* The court are of opinion, that this verdict, under the instructions given, and the evidence offered, as appears by the bill of exceptions, cannot be sustained.

The plaintiffs declare in a general count for work and labor, money paid, &c., in common form, and also upon two orders, copies of which accompany the bill of exceptions. These orders are alike, and the same remarks will apply to both: " Please pay, &c., out of the amount to be advanced to me, when the houses I am now erecting on your land, in Erie street, are so far completed as to have the plastering done, according to our contract, dated," &c. The orders refer to the contract subsisting between the parties, and necessarily call for evidence, beyond that of the orders themselves, to ascertain their meaning and legal effect, and to determine when and from what fund the sums mentioned in them are to be paid. They look to the future, to a certain quantity of work *to be done,* and materials supplied, by the drawer, for the use and benefit of the acceptor, according to contract. All future events are contingent; all unaccomplished enterprises, intended labors and performances, fall

* FLETCHER, J., did not sit in this case.

within this category. The acceptance was an agreement to the request expressed in the order, and as that was contingent, the acceptance was an undertaking dependent on the same contingency. That contingency was, *when*, or *if*, the work I have undertaken to do, shall have been completed to a certain stage, agreeably to our contract. If, then, the work was never done by the contractor, the drawer of the order, under and in pursuance of this contract, the event never occurred, upon which the defendant by his acceptance bound himself to pay. It follows, as a necessary consequence, that by force of the defendant's express promise, he was not bound to pay any thing. Payment was only to be made, at a time which never arrived; and out of a fund of the drawer, to accrue by the performance of the contract, on the part of the drawer, which never being performed, the fund of course never existed.

The court are therefore of opinion, that the direction of the court was incorrect, in ruling that this acceptance was an absolute and unconditional promise for the payment of money.

But, for the purpose of presenting another question, the plaintiffs offered evidence to prove, that, on the 14th of February, 1845, Reed, the drawer of the order, and the contractor with the defendant, made an assignment to Rice and Jenkins of all his right in the contract; and that on the same day the contract was cancelled by Rice and Jenkins and Clark; and of these facts there is no dispute.

Upon these facts, the court ruled, at the instance of the plaintiffs, that if the order was conditional, the defendant, and the drawer, that is, as the evidence was, the assignee of the drawer, having cancelled the contract, the defendant had thereby rendered himself absolutely liable from the time of such cancellation.

This direction was, in our judgment, incorrect. By such cancellation, the condition on which the money was to be paid did not occur; the work on the house was not done by Reed, conformably to his contract, so as to bring the defendant's engagement within the terms of the order and accept

ance ; and the defendant, therefore, did not become liable by force of his acceptance.

We do not mean to say, that when a party has obtained such an order and acceptance, nothing short of an absolute performance of the contract, on the part of the contractor and drawer, will give the payee any remedy against the acceptor. The holder of such an order is a holder for value, and has an interest in the contract, and in its execution, as a means of raising the fund to which he has a right to look for his pay. If, therefore, after the acceptance of such an order, the acceptor, without justifiable cause, should prohibit the drawer and contractor from proceeding to such a completion of the contract, as will make the acceptance payable, or if he should collude with the drawer of the order, to put an end to the contract, when, but for such fraudulent interference, the drawer would be able and ready to go on and complete it, we are not prepared to say that the holder of the order would not have a remedy by a special action, setting out such wrongful act of the acceptor, and the loss sustained by the holder by means thereof. The sum thus to be recovered would not be the debt due by force of the contract, that is, the acceptance, but damages for the wrongful act of the acceptor, in preventing the completion of the contract, by *means of which* the holder has sustained the loss of the debt. In such action, the burden of proof would be on the plaintiffs to show, that the prevention of the completion of the contract had been caused by the defendant, to avoid the order; and any evidence, on the part of the acceptor, to show that the drawer had failed or been unable to perform his contract, by reason of death, sickness, insolvency or other inability, would be competent to rebut the charge, upon which such action must be grounded.

But, even if the plaintiffs, under a count in *indebitatus assumpsit*, could be permitted to prove facts tending to show that the performance of Reed's contract, and the earning of the money from which the acceptance was payable, had been prevented by the defendant, of which we have great doubt, it

must be done not merely by showing a cancellation of the contract, before its completion ; but also that it was done without excuse or justification, on the ·part of the defendant, and that the drawer was competent and willing, and, but for such interference of the defendant, would have been able, to complete his contract ; and thus to place in the defendant's hands the fund from which the acceptance was payable. In the present case, this must have been done by proof of facts *aliunde ;* and the evidence of facts, offered by the defendant, to explain and avoid the effect of these acts of the defendant in annulling the contract, to wit, that Reed had wholly failed to comply with the terms of his contract, &c., as stated in the bill of exceptions, would have been competent and material, and the rejection of such evidence by the court was therefore incorrect.

*Exceptions sustained, verdict set aside, and new trial granted.*