## WILLIAM M. COOK *vs.* WILLIAM WOLFENDALE.

A builder bought lumber of the plaintiff to be used in erecting a house for the defendant, and gave therefor a draft drawn on the defendant and accepted by him, " payable when house is ready for occupancy." *Held*, in an action brought on the draft after the house was finished, that evidence that the builder did not use the lumber in erecting the house, and did not finish the house, and that the defendant had to finish it himself, was inadmissible.

CONTRACT on the following order, drawn by John E. Coyle on the defendant and accepted by him : " Please pay William M. Cook or order twelve hundred dollars, payable when house is ready for occupancy." Trial in the superior court, before *Pitman*, J., without a jury, who reported the case as follows :

" It appeared that at the time when the draft was given and accepted Coyle was building a house for the defendant, and the plaintiff knew that such was the case, although he did not know what the contract was between Coyle and the defendant ; that Coyle came to the plaintiff, who was a dealer in lumber, to procure lumber to be used in the erection of the house, but the plaintiff refused to furnish him with such lumber unless he would give him an order for the same on the defendant ; that the plaintiff wrote the draft in suit, Coyle signed it, and the defendant accepted it while Coyle was building the house for the defendant, of which the plaintiff had knowledge at the time of the signing and acceptance of the draft ; and that the house was ready for occupancy before the bringing of this suit.

" Upon the above state of facts, the defendant contended that the true construction of the draft was that it was payable when Coyle made the house ready for occupancy ; and offered to show what the contract was between Coyle and the defendant, and also to show that when the house was about two thirds finished Coyle notified the defendant that he could not finish the same, and the

defendant thereupon took possession of the house and finished it at a total cost to him of a little less than the contract price; but I ruled that such evidence was immaterial, and declined to admit it.

"The defendant further offered to show that the actual amount of lumber obtained by Coyle from the plaintiff and used in the defendant's house was much less than the amount of the draft; but I ruled that this also was inadmissible.

"It appeared, however, and I found as a fact, that the plaintiff delivered to Coyle lumber to the whole amount of the draft; and that such delivery was the consideration of the order, the plaintiff refusing to deliver him any lumber, and making such refusal known to the defendant, unless the defendant would accept the order.

"Upon the whole case I found for the plaintiff, and now, with consent of the parties, report the same to the supreme judicial court, so that, if error appears in the above rulings and refusals to rule, the verdict may be set aside; otherwise, the plaintiff may have judgment on the same."

*J. M. Morton, Jr.*, for the defendant.

*J. C. Blaisdell*, for the plaintiff.

BY THE COURT. The drawee of the order is liable according to the terms of his acceptance. The consideration of the order was the delivery of lumber by the plaintiff to Coyle, and not the performance by Coyle of his contract with the drawee. The plaintiff delivered the lumber, and the use which Coyle made of it was immaterial to him, not being provided for by the terms of the order. When the house became ready for occupancy, by any agency whatever, the order became payable. The evidence offered and rejected was rejected properly.

*Judgment on the verdict for the plaintiff.*