WILLIAM SOMERS & others *vs.* GEORGE B. THAYER.

Suffolk. March 4.— June 17, 1874. WELLS & ENDICOTT, JJ., absent.

The acceptance of an order for the payment of money on the completion of a house building by the drawer for the acceptor, and directing the same to be charged to the drawer " on account of contract," which contract it is admitted is a contract by the drawer to build and complete a house for the acceptor, is not absolute but conditional on the completion of the house according to the contract.

CONTRACT by the members of the firm of William Somers & Co., against the defendant as acceptor of the following order signed by Noah G. Harriman : " Boston, October 18, 1871, $296.00. Mr. George B. Thayer, please pay Wm. Somers & Co., or order, the sum of two hundred and ninety-six dollars on the completion of the house now building at Randolph by me for you, and charge the same to me on account of contract."

In the Superior Court, *Putnam*, J., ordered judgment for the plaintiffs on the following agreed facts, and the defendant appealed to this court :

" The order declared on was drawn by Harriman on the day of its date, and presented to the defendant at the same time, when the defendant, at the request of Harriman, wrote across the face of it the word " accepted," and signed his name below. At and before the date of the order Harriman owed the plaintiffs the amount of said order. At the time said order was drawn and the defendant wrote on it as above stated, Harriman had made a contract, referred to in said order, with the defendant to build and complete for the defendant a house in Randolph, according to certain terms and specifications mentioned in said contract. Harriman never performed said contract, nor completed the house, but failed, neglected and refused so to do, without any excuse on his part, and without any fault on the part of defendant ; but the defendant, on account of such failure, was damaged some $800, which said Harriman still owes defendant. A large amount of work was done on the house by the defendant after said failure, and the house was occupied by Seth A. Thayer as a residence a short time before this action was brought, and has been occupied by him ever since.

" There was nothing due from the defendant to Harriman, bu he had been overpaid when said order was drawn by Harriman and signed as above by the defendant, but Harriman was at that time at work upon the house towards the performance of said contract, and there was never anything due Harriman from the defendant after said order was signed as above by the defendant. There was no consideration for defendant's accepting said order unless there be one upon the above facts."

*M. Williams, Jr.*, for the plaintiffs.

*A. T. Sinclair*, for the defendant.

AMES, J.    The terms of the order accepted by the defendant bring this case within the decision in *Newhall* v. *Clark*, 3 Cush. 376.    The order refers to the contract subsisting between Harriman and the defendant.    It is made payable on the completion of the house which Harriman was then building in Randolph, for the defendant, and it directs that when paid it is to be charged to Harriman on account of that contract.    The order looks to the future ; to work to be done and to materials to be supplied by the drawer for the use and benefit of the acceptor according to contract.    The acceptance was an agreement to the request expressed in the order, and as that was contingent, the acceptance was an undertaking on the same contingency.    Nothing was to be paid until the building should be finished.    The direction to charge the payment to Harriman on account of that contract, and the terms of the order generally, are in their legal effect equivalent to a designation of a time of payment, and also of the fund out of which the payment was to be made, both of which were to depend upon the completion of the house by Harriman, according to his contract.    As he has not fulfilled his contract, the time of payment never arrived, and the fund which was expected to accrue, and from which payment was to be made, never existed. The defendant therefore is not liable on his acceptance.

In *Cook* v. *Wolfendale*, 105 Mass. 401, which is relied upon by the plaintiffs, the acceptance was given in consideration of lumber furnished to the contractor to be used in building the house for the acceptor.    And the terms of the order contained no reference to the building contract, but merely fixed the time of payment as the time when the building should be " ready for occupancy."

*Judgment for defendant.*