ALBERT RUSSELL & another *vs.* MICHAEL M. BARRY.

Suffolk.   March 4. — June 22, 1874.   WELLS & ENDICOTT, JJ., absent.

A written order for the delivery of lumber to be used in building the house of the drawer, and which he promises to pay for "when the house is completed," becomes due when the house is substantially finished by any one, although the drawee knew that the person, to whom the order requested him to deliver the lumber, was building the house under a contract, and it is not completed according to the terms of the contract.

The objection that evidence is not properly admissible under the pleadings must be made at the trial, and it is too late to raise it for the first time in this court.

Evidence of a contemporaneous oral agreement varying the terms of a written order for the delivery of goods is inadmissible.

In an action on a written agreement signed by the defendant, whereby money became due to the plaintiff on the completion of a house, then building for the defendant by a third person, evidence is admissible that after the making of the agreement and before the money became due the plaintiff borrowed a sum of money of the defendant, and in consideration of the loan agreed to finish the house within a certain time if the third person did not, and if the house was not finished that he would return the agreement. if there is evidence that neither the plaintiff nor the third person finished the house within the time specified.

CONTRACT by the members of the firm of A. Russell & Co. to recover the price of lumber furnished on the following order, signed by the defendant: " Messrs. A. Russell & Co., Please deliver Mr. John McDonald lumber for my house on Codman Street, and I will be responsible for the payment of the same when the house is completed ; said sum not to exceed five hundred dollars.   M. M. Barry."   The answer denied that the lumber was furnished on the order, that the house had been completed by McDonald or by any one else ; and alleged that the lumber was not to be paid for by the defendant unless said house was completed by McDonald according to his contract.

The defendant also filed a note of the plaintiffs in set-off which was admitted by the plaintiffs.   At the trial in the Superior Court before *Lord*, J., the jury found a verdict for the plaintiffs, and the case was reported to this court substantially as follows :

The plaintiffs' evidence tended to show that the order was signed by the defendant, and that the plaintiffs furnished the lumber to the amount of the order, and that it went to the defendant's house, and that the house was completed before bringing the action.   On cross-examination the plaintiff, Russell, ad-

mitted that at the time the order was signed he read the contract between McDonald and the defendant for building the house. The contract was then put into the case. It provided among other things that the house was to be finished before December 1, 1871, and that the work was to be done in a workmanlike manner.

The defendant, in his opening, offered to prove that at the time the order was signed by him, the plaintiffs agreed to finish the house according to the contract between him and McDonald if the latter should fail to do so ; that before January 2, 1872, McDonald ceased working on the house, leaving it unfinished ; that the plaintiff, Russell, on January 2, 1872, requested the defendant to loan him on said order three hundred dollars, saying they had then furnished five hundred dollars' worth of lumber for the house, but the defendant declined to pay anything on the order. That Russell then said they must have some money to pay a note coming due that day at the bank, and requested the defendant to lend the plaintiffs three hundred and fifty dollars for thirty days on their note, promising that if the defendant would do so, he would immediately see McDonald and get him to complete the house, and if he would not, then that the plaintiffs would themselves complete it in thirty days, and if neither they nor McDonald should finish it in thirty days, then the plaintiffs would return the order to the defendant and also pay their said note ; that on these conditions and promise the defendant loaned to the plaintiffs three hundred and fifty dollars on their note, but that neither McDonald nor the plaintiffs did any more work on the house, and at the expiration of thirty days the defendant demanded payment of the note and a return of the order, but the plaintiffs refused to do either ; that the house remained unfinished for two or three months afterwards, when the defendant laid a part of the floors, finished the stairways and painted the house inside and out one coat, and did other work, and that then the house was not completed according to said contract.

The presiding judge ruled that inasmuch as it is conceded that the house was substantially finished, although not done in the workmanlike manner which the contract between the parties may have called for, the rights of the parties would not be affected by any of the proffered evidence, and that the plaintiffs were entitled to recover the difference between the amount of the order and

the note, and the case is reported for the determination of the Supreme Judicial Court. Judgment to be entered on the verdict, if the ruling was right, otherwise a new trial to be ordered.

*C. W. Turner*, for the plaintiffs. The evidence offered in regard to a subsequent agreement of the plaintiffs to finish the house if McDonald did not, or to return the order, tended to show an agreement to answer for McDonald's default, and was inadmissible because not in writing. *Curtis* v. *Brown*, 5 Cush. 488. This evidence was also incompetent because it enlarged the note given by the plaintiffs at the same time, on the same consideration and declared on in set-off. *Howe* v. *Walker*, 4 Gray, 318. The evidence, if admissible, did not establish a defence to the action. It was not such an agreement as could be pleaded in release, because it was conditional and embraced other matters, and the damages for a breach of it would not necessarily be commensurate with the amount of the order. *Foster* v. *Purdy*, 5 Met. 442. If the evidence of a subsequent agreement tended to establish a defence it was a defence not set up in the answer, was matter of avoidance and was not admissible under the pleadings. *Mulry* v. *Mohawk Valley Insurance Company*, 5 Gray, 541. *Cushman* v. *Davis*, 3 Allen, 99. *Hawes* v. *Ryder*, 100 Mass. 216. In *Burnett* v. *Smith*, 4 Gray, 50, the facts were agreed, whereas in the case at bar they are in dispute, and the plaintiffs had no opportunity to make this objection to the defence at the trial.

*N. C. Berry*, for the defendant.

AMES, J. It appears that McDonald had bound himself by a contract to build a house for the defendant, but was not able upon his own credit to obtain all the lumber necessary for that purpose. The defendant therefore, in order to remove that difficulty, by his written order requested the plaintiffs to deliver lumber to McDonald, for the purposes of his contract, to an amount not exceeding five hundred dollars : and promised to be responsible for the payment therefor " when the house is completed." Upon receiving this written order, the plaintiffs delivered the lumber accordingly, and it has been made use of in building the defendant's house. The reference to the completion of the house has no effect except to fix the time when the order should become payable. The house having been substantially finished, a right of action thereupon accrued to the plaintiffs. It is

not made a condition of the order that the house was to be completed by McDonald, and in this respect the case closely resembles *Cook* v. *Wolfendale,* 105 Mass. 401. Upon the completion of the house by any agency, the order became payable.

With regard to the grounds of defence suggested by the defendant's counsel in his opening to the jury, it is now objected that they are in the nature of a confession and avoidance, not indicated by the terms of the answer, and for that reason not open to the defendant. If this objection had been taken at the trial in the Superior Court, the defendant would have had an opportunity to move for leave to amend his answer, and we cannot know that that court, in the exercise of its discretion, might not have allowed the motion. As the objection does not appear to have been taken at that stage of the case, we think it comes too late, and that the matter is not a mere question of pleading.

The alleged oral agreement, contemporaneous with the signature of the order, and making it conditional on the completion of the house by the plaintiffs, if McDonald should fail to complete it himself, was not admissible, under the general rule that a written contract is not to be modified, or varied by parol evidence. And as to the subsequent promise to the effect that the plaintiffs would see McDonald immediately, " and get him to finish the house, and, if he would not, that they would complete it themselves," it is manifest that if that were the whole of their undertaking, it would be a mere promise to be responsible for the debt or default of another, and under the statute of frauds would be of no binding force. Such a promise would not support an action by the defendant against them, nor would it be of any avail to him as a defence in their action against him. *King* v. *Welcome,* 5 Gray, 41. But the defendant's offer of proof goes much farther than this, and suggests an additional element in the agreement which gives it a materially different aspect.

He avers that before the house was finished, and of course before anything had become due to the plaintiffs upon the order, they being in pressing and immediate want of money applied to him, not as creditors but as borrowers, for a loan of three hundred and fifty dollars , and that one of the conditions of this loan was that if the house were not finished either by McDonald or themselves within thirty days, they would give back to him the

written order upon which this suit is brought. The loan of the money was a sufficient consideration in law for such a promise. It does not appear from the report that it had at that time become certain that McDonald would not be able to finish the building himself, and the terms of the alleged new agreement seem to indicate an expectation on the plaintiffs' part that he would complete his contract. If for the sake of obtaining the loan at a time of urgent necessity, they were willing to agree to release the defendant absolutely from his liability, (which would be the effect of returning the order to him,) and to take upon themselves the chance that McDonald, by finishing the building, should put himself in a position to pay them the amount due upon the order, we do not see why the defendant may not rely upon this agreement as a defence to the suit. A promise to return the order to the defendant on certain conditions, and on sufficient consideration, is not a mere collateral undertaking, but may fairly operate as a release or defeasance, if those conditions should be fulfilled. *Foster* v. *Purdy*, 5 Met. 442. To this extent therefore we consider the evidence offered by the defendant to have been competent, and capable of affecting the rights of the parties. As it was otherwise ruled in the court below, the verdict must be set aside, and a                                    *New trial ordered.*