## CHARLES H. ROBBINS *vs.* CHARLES A. BLODGETT.

Middlesex. January 9. — 29, 1877. MORTON & ENDICOTT JJ., absent.

In an action upon an order, drawn upon, and accepted by, the owner of a house, in process of building, "to be paid when the house is finished," the question whether the house had been finished, at the date of the writ, is one of fact, upon which the terms of the contract, under which the house was built, are admissible in evidence; and the owner's moving into the house is not conclusive proof that the house was "finished," and will not estop him to deny that it was.

CONTRACT, upon the following order : " Lowell, February 3d, 1875. Mr. Blodgett, please pay to C. H. Robbins, the sum of four hundred and forty-five dollars, and oblige — to be paid when the house is finished — J. T. Willis." Across the face of the order was written, " I accept the order. Chas. A. Blodgett." Writ dated December 21, 1875.

At the trial in the Superior Court, before *Colburn*, J., without a jury, it appeared in evidence that the defendant had made a contract with C. H. Willis, to build a dwelling-house according to certain plans and specifications. C. H. Willis died, leaving his contract partly performed, and J. T. Willis, the drawer of the above order, who was not himself a builder, entered into a written agreement, on January 28, 1875, with the defendant, by which he agreed to complete the house, according to the plans and specifications. The specifications, among other things, required the contractor to put two coats of paint upon the outside of the house, and to paint the tin piazza roof.

The plaintiff did the plasterers' and masons' work on the house, and the above order was given on account of his work. The plaintiff knew at the time the order was given that Willis was a contractor in building the house for the defendant, but it appeared that he did not know the details of the contract or specifications, or how much of the work they covered, or how they required it to be done. One McLane was the agent of Willis, and had charge of the work on the house. Willis ceased work on the house the latter part of July, 1875, and there was evidence tending to show that it would cost $300 to complete the house according to the requirements of the specifications. In March, 1875 the defendant went to McLane, and notified him that the house

was not completed, and would not be accepted; to which McLane. replied, that he should do nothing more. In April, 1875, the defendant moved, with his family, into the house.

At the date of the writ in this case, the house had only the priming coat of paint upon any part of the outside, and upon a part of the outside no paint at all, and the tin piazza roof was not painted. The plaintiff demanded payment of the order of the defendant a short time before the suit was brought.

The judge found as a fact that the contractor intended to do nothing more to the house, under his contract, after he ceased work in February, 1875; and ruled that it was competent to refer to the contract between J. T. Willis and the defendant, and the specifications, in order to determine what the parties meant by the term "finished" in the order; and found, as a fact, that the house was not finished according to the requirements of the contract and specifications, at the time the action was brought; and also that, disregarding the requirements of the contract and specifications, the house in several respects, but especially in having only a priming coat of paint, and that not over the whole outside, and in having no paint upon the tin roof of the piazza, was not "finished" at the time the action was brought.

The plaintiff contended that the house was "finished" in the ordinary acceptation of that word; and further, that the defendant, having moved into the house and rented it, and having had ample time to finish any portions of the work which he claimed to be unfinished, and having failed to do so, was thereby estopped from saying that it was unfinished, so far as the plaintiff was concerned.

The judge also ruled, that by moving into the house, after the contractor had refused to do any more to the house, and after he had been notified that the house would not be accepted, the defendant did not accept the house as "finished," and that though ample time had elapsed after the defendant moved into the house, and before this action was brought, for finishing the house, if the defendant had chosen to do so, such omission furnished no ground for maintaining this action.

The judge ordered judgment for the defendant; and the plaintiff alleged exceptions.

*G. Stevens & C. H. Conant,* for the plaintiff.

*D. S. Richardson & A. G. Lamson*, for the defendant.

GRAY, C. J.   No error in law appears in the rulings of the Superior Court.   By the terms of the order sued on, the liability of the defendant was contingent upon the question whether the house had been finished.   That question was one of fact, upon which the terms of the contract under which the house was built were admissible in evidence.   *Cunningham* v. *Washburn*, 119 Mass. 224.   *Regan* v. *Dickinson*, 105 Mass. 112.   The judge found as matter of fact that the house had not been finished, either according to, or independently of, the building contract. The defendant's moving into the house was not conclusive proof that the house was finished, and did not estop him to deny that it was.                                            *Exceptions overruled.*