CHARLES H. ROBBINS *vs.* CHARLES A. BLODGETT.

Middlesex. Jan. 10. — March 1, 1878. AMES & LORD, JJ., absent.

The defendant, the owner of a house in process of building, accepted an order drawn upon him by the contractor, in favor of the plaintiff, "to be paid when the house is finished." Neither the contractor nor the defendant finished the house, but it was sold by the latter in an unfinished state, and afterwards completed by the purchaser, the plaintiff doing some work upon it. *Held*, that the plaintiff was entitled to recover.

CONTRACT, upon the following order: "Lowell, February 3d, 1875. Mr. Blodgett, please pay to C. H. Robbins the sum of four hundred and forty-five dollars, and oblige — to be paid when the house is finished — J. T. Willis." Across the face of the order was written, "I accept the order. Chas. A. Blodgett." Writ dated March 13, 1877.

At the trial in the Superior Court, before *Rockwell*, J., it appeared that this order was given by Willis, the contractor, to

the plaintiff, for work done on the house by the plaintiff for Willis, and while he was still at work under his contract; that an action had been previously brought upon this order and judgment rendered for the defendant. See *Robbins* v. *Blodgett*, 121 Mass. 584.

The plaintiff introduced evidence tending to show that, since the former judgment, work had been done on the house, finishing what was then unfinished, and that the house was finished before the date of the writ in this action. It also appeared that neither the defendant nor Willis, nor any one in their behalf, finished the house; but that the defendant kept the house in the state in which it was at the trial of the former case, and, some time in December, 1876, sold it as it stood to one Litchfield, and that Litchfield, after the purchase, finished the house a few days before the date of the plaintiff's writ; that the plaintiff, in the months of January and February, 1877, did some work on the house, being employed by Litchfield, and had then heard that Litchfield had purchased the house. No evidence was introduced to show, nor did it appear, that any damage or loss had accrued to the defendant from the unfinished state of the house.

The defendant asked the judge to rule that evidence of what was done to the house, after the sale to Litchfield, was immaterial; and that, if the contractor abandoned his contract and left the house unfinished, the defendant, especially after waiting over a year, had a right to sell the house in an unfinished state, without thereby rendering himself liable in this action, even though the purchaser afterwards proceeded to finish, and did finish, the house in the manner provided in the plans and specifications. But the judge refused so to rule; and did rule, against the defendant's objection, that the question was whether, at the date of the plaintiff's writ, the house was finished in accordance with the plans and specifications, and that it was immaterial by whom the house was finished, whether after the sale or before it, and whether by the purchaser or any one else.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*D. S. Richardson*, for the defendant.

*G. Stevens*, for the plaintiff.

ENDICOTT J. We are of opinion that the defendant is liable according to the terms of his acceptance, and, it appearing that the house has been finished, the plaintiff is entitled to recover. The bill of exceptions states that it was not finished by Willis, the drawer of the order, and was sold by the defendant in an unfinished state to Litchfield, who completed it. But the order contains no condition that it shall be finished by Willis. It is general in its terms, and is payable absolutely when the house is finished; and it is immaterial who completed it. If the defendant wished to limit his liability, he should have done so when he accepted the order. *Cook* v. *Wolfendale*, 105 Mass. 401. *Russell* v. *Barry*, 115 Mass. 300. See also *Somers* v. *Thayer*, 115 Mass. 163.

When this case was before the court in 121 Mass. 584, the question was whether the house had been finished; that being a question of fact, the contract between Willis and the defendant was held to be admissible for the purpose of ascertaining whether the time had arrived when the order was payable. The time when the liability of the defendant accrued being dependent upon the happening of an event, that contract was clearly competent, as bearing on the question whether the time had arrived when the defendant became liable; but it is not competent to limit the extent, or change the character of the liability created in express terms by the order and acceptance.

*Exceptions overruled.*