GRANVILLE FULLER & another *vs.* SAMUEL J. WILDE.

Suffolk.  January 17, 1890. — May 9, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Building Contract — Order for the Payment of Money.*

An order for the payment of money was drawn for the "amount of second payment due" on a contract entered into by the drawer to build a house for the acceptor. The second payment provided for in the contract was never earned, and never became due. *Held,* that the order never became payable, and that the acceptor was not liable thereon.

CONTRACT against the defendant, as acceptor of the following order for the payment of money:

"Brighton, July 12, 1887.  S. J. Wilde, — Please pay G. Fuller & Son one thousand dollars, being amount of second payment due on contract for building house on Foster Street, said payment being due when house is plastered.  C. A. Prouty. — July 12, accepted.  Samuel J. Wilde."

Writ dated October 6, 1887.  At the trial in the Superior Court, before *Staples*, J., it was admitted that the contract referred to in the order was a building contract dated May 31, 1887, and signed by Prouty and the defendant, providing that Prouty should build and finish a dwelling-house for the defendant, and that the defendant should pay him therefor fifteen hundred dollars when the cellar wall was built and the frame up and boarded in, one thousand dollars when the building was plastered, and nine hundred dollars when the work was completed. It was agreed that, immediately after the above order was accepted, Prouty ceased to work on the house, and did no more work upon it under the building contract, and never earned the

second payment mentioned therein, which never became due under the contract; that the defendant subsequently completed the plastering at his own expense, about the middle of September, 1887 ; and that after the plastering was completed a demand to pay the order was made by the plaintiff on the defendant, which was refused.

The defendant asked the judge to rule, that the acceptance of the order was conditional upon the house being plastered by Prouty under the contract of May 31, and that the plaintiffs had not shown a performance of that condition by Prouty, and to order a verdict for the defendant. The judge refused so to rule, and ordered a verdict for the plaintiffs; and the defendant, alleged exceptions.

*F: W. Kittredge & N. Matthews, Jr.*, for the defendant.

*F. Burke*, for the plaintiffs.

C. ALLEN, J. Our construction of the order is, that the money was payable when the amount of the second payment on the contract should become due. It was agreed that the second payment was never earned, and never became due. The order therefore never became payable. See *Newhall* v. *Clark*, 3 Cush. 376 ; *Somers* v. *Thayer*, 115 Mass. 163 ; *Proctor* v. *Hartigan*, 143 Mass. 462.                    *Exceptions sustained.*