ALVAH S. MORRISON & another *vs.* ROGER LAMSON & another.

Norfolk.   March 28, 1900. — September 5, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Construction of Order for Payment of Money — Effect of Acceptance — Consignment.*

A written order addressed to A., who accepts it, directing him to pay to B., "from equities on hosiery consigned to you," a sum named, "and charge the same to our account," and signed by C., is a direction to pay only from the fund designated, which is the sum to become due to C. by reason of the consignment made by him to A. when the transaction shall be closed, and is not limited by the net proceeds of sales improperly made, but includes whatever sum should have been realized from sales made in accordance with the terms of the consignment.

CONTRACT. The declaration alleged that the Whetstone Hosiery · Company made a bill of exchange, a copy of which, with the indorsements thereon, was annexed, payable to the order of the plaintiffs ; that the defendants, the drawees named therein, for a valuable consideration duly accepted the same, and the plaintiffs were the owners and holders of the bill; and that the defendants owed the plaintiffs the amount of the bill and interest thereon, except the sum of $379.70, which had been paid by the defendants to the plaintiffs.

The copy annexed was as follows : " Brattleboro, Vt., June 4th, 1897. Messrs. Roger Lamson & Co., New York, N. Y. Gentlemen : Pay to A. S. Morrison & Brothers from equities on hosiery consigned to you, six hundred and twelve and 84-100 dollars with interest from June 1st and charge the same to our account. $612.84. Whetstone Hosiery Co. Accepted : Roger Lamson & Co.," and contained the following indorsement : " New York, Aug. 30th, '97. Received on account, three hundred and seventy-nine and 70-100 dollars."

The first paragraph of the answer admitted the signatures to the order declared on, but denied each and every other allegation in the declaration.

The second paragraph denied that the defendants received any consideration for accepting the order, but averred that it was done solely for the accommodation of the plaintiffs, to assist them in obtaining, so far as it might, payment of a certain alleged indebtedness due to them from the Whetstone Hosiery Company, the drawer of the order. .

The third paragraph alleged that prior to the drawing of the order, namely, in or about January, 1896, the Whetstone Hosiery Company consigned to the defendants, who were commission merchants doing business in the city of New York, a large quantity of hosiery to be sold by them, upon the agreement that, after taking out of the proceeds of the sale all money advanced upon the goods to that company by the delendants, and all money paid for insurance, freight, and other expenses upon the goods by the defendants, and also a commission for their services in selling the goods, the balance or equity remaining, if any, should be paid by the defendants to the company ; that the words of the order, " from equities on hosiery consigned to you,"

referred to such balance or equity; that in the latter part of June, 1896, the plaintiffs presented the order to the defendants, who accepted the same by writing across the face thereof the words "accepted, Roger Lamson & Co."; that at the time of the acceptance the defendants had made large advances on the goods to the company, and had paid a large amount of money for insurance, freight, and other expenses on the goods, and had sold only a part of the goods, so that there was then no money or equity in the hands of the defendants belonging to the company, and the amount of the equity or balance that would remain when all the goods were sold, if any, was unknown, and at the time of such acceptance all the facts hereinbefore set forth were known by the plaintiffs, having been stated by the defendants to them; that on August 1, 1897, the defendants closed out the goods by sale, and the equity left in their hands, after deducting from the proceeds of sale the advances, expenses, and commission, as above set forth, was $377.82; that the plaintiffs retained the order until August 30, 1897, when they presented it to the defendants and demanded payment thereof; and that the defendants then paid over to the plaintiffs the full amount of the equity in their hands, being said sum of $377.82, together with interest thereon from August 1, 1897, being in all the sum of $379.70.

The plaintiffs demurred to each paragraph of the answer, on the ground that it did not state a legal defence to the declaration in accordance with Pub. Sts. c. 167.

In the Superior Court the demurrer was sustained as to the second paragraph of the answer, and overruled as to the other paragraphs; and the plaintiffs appealed to this court.

At the trial, before *Sherman*, J., without a jury, the plaintiffs introduced in evidence the report of an auditor, who found the following facts: The order was accepted by the defendants on August 7, 1896, at their place of business in New York City, by writing across the face of the order their firm name. The drawer consigned to the defendants certain hosiery to be sold on commission, the proceeds to be accounted for, and the balance, after deducting freight charges, advances made by the defendants, interest and commissions, was, by the terms of the consignment, to be paid by the defendants to the hosiery company. This balance is the "equities on hosiery" named in the order.

At the time the defendants accepted the order they had not sold all of the hosiery consigned to them, and did not sell and deliver it all until July, 1897.

The sum of $379.70 was paid on August 30, 1897, by the defendants on account of and indorsed upon the order; and this action is to recover the difference between that sum and the amount of the order.

The plaintiffs contended that the hosiery sold by the defendants after the order was accepted was sold at a sacrifice, at prices less than the defendants had a right to sell for, and that they could recover at prices the defendants ought to have received.

The defendants contended that there was a depression in market values of hosiery goods; that they sold for the market price and for all they could get; that they had the right so to sell as between themselves and both the consignors and the plaintiffs; and that the plaintiffs could recover only on the basis of prices actually obtained by the defendants.

It was admitted that in the computation of interest an error against the plaintiffs was made by the defendants to the amount of $4.22, and the auditor found that the payment made upon the order on August 30, 1897, should have been increased that amount.

The hosiery was consigned to the defendants to be sold in the ordinary course of business, and invoices sent to them with each shipment stated prices; but such invoice prices were not limitations of the defendants' prices of sale. Statements were regularly sent by the defendants to the hosiery company, some of which showed sales to have been made at less than the invoice prices, and after acceptance of the order irregular statements were made to the plaintiffs.

After the order was accepted the defendants sold part of the hosiery at less than market prices, and realized less from sales than they were under obligation to realize, both to the consignors and to the plaintiffs.

The auditor found that the plaintiffs were entitled to recover the sum of $114.86, with interest, making a total of $119.46.

The plaintiffs requested the judge to give the following rulings: " 1. On the evidence the finding should be for the plain-

tiffs for the balance remaining unpaid on the order, and interest. 2. If the court finds the facts as stated by the auditor, the plaintiffs are entitled to recover the balance unpaid on the order, and interest. 3. On the evidence the plaintiffs are entitled to recover not less than the difference between the amount paid and the sum which the defendants should have received for the goods over and above the advanced expenses," etc.

The defendants requested the judge to give the following rulings : " 1. The plaintiffs cannot recover upon the pleadings on the basis of the price that the defendants ought to have received for the goods.   2. The plaintiffs can recover upon the pleadings on the basis only of the price actually obtained by the defendants for the goods.   3. The plaintiffs are not entitled to a finding for more than $4.22, and interest.   4. The plaintiffs cannot recover more than the amount allowed them by the auditor's report."

The judge declined to give the first, second, and third of the rulings requested by the defendants, and found for the plaintiffs in the sum of $124.53; and the defendants alleged exceptions.

The case was submitted on briefs to all the justices.

*E. I. Baker*, for the defendants.

*C. H. Sprague*, for the plaintiffs.

BARKER, J.   1. The natural meaning of a direction to pay from a designated fund is to pay only from that fund.   See *Josselyn* v. *Lacier*, 10 Mod. 294, 317 ; *Jenny* v. *Herle*, 1 Stra. 591; *Macleed* v. *Snee*, 2 Stra. 762 ; *Wheeler* v. *Souther*, 4 Cush. 606 ; *Proctor* v. *Hartigan*, 139 Mass. 554.   The added direction to " charge the same to our account " is as consistent with this meaning as with that for which the plaintiffs contend.   In either case the sum paid is to be charged to the drawers' account. In the present order the words " from equities on hosiery consigned to you " seem to us to be a condition that the payment is to be made only out of that fund, and not merely a statement of the origin of the debt between the drawer and the drawee, or a mere reference to a fund designated for the drawee's reimbursement.   See *Haussoulier* v. *Hartsinck*, 7 T. R. 733 ; *Wells* v. *Brigham*, 6 Cush. 6.   The direction is not to charge the payment to a particular fund, as was the direction in the drafts dealt with in *Whitney* v. *Eliot National Bank*, 137 Mass. 351, but

to make the payment from a fund, and to charge it to the drawer. In *Newhall* v. *Clark*, 3 Cush. 376, *Cook* v. *Wolfendale*, 105 Mass. 401, *Somers* v. *Thayer*, 115 Mass. 163, *Russell* v. *Barry*, 115 Mass. 300, the time of payment of the orders was conditional, and it was upon the ground that the time of payment had not arrived that the defendant in *Proctor* v. *Hartigan*, 143 Mass. 462, finally prevailed. Giving this construction to the language of the order, the facts alleged in the answer were all material to show the amount due, and whether time for payment had arrived. The acceptance was an agreement to comply with the request expressed in the order, and that request was to be construed in the light of the circumstances existing when the order was given, and the later transactions were material in determining the amount of the fund.

2. It follows from the construction which we give to the order that it was an assignment of the rights of the hosiery company against the defendants growing out of the consignment mentioned in the order, and that by the acceptance the defendants became bound to pay to the plaintiffs so much of the sum of $612.84 as, but for the order, would have been payable to the drawer when the "equities" should be adjusted. The fund designated was the sum to become due to the drawer by reason of the consignments of hosiery made by the drawer to the defendants when the transaction should be closed, and it was an "equity." It was not limited by the net proceeds of sales improperly made, but included whatever sum should have been realized from sales made in accordance with the terms of the consignment. The evidence justified the finding for the plaintiffs.

There was no exception to the introduction of evidence. The declaration set out the order by copy, and it would be too strict to hold that it did not authorize the finding.

> *Plaintiffs' demurrer overruled; defendants' exceptions overruled.*