HARRY H. PECK *vs.* ARTHUR B. EASTON.

First Judicial District, Hartford, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A judgment for the defendant, upon the sole ground that the action is premature, is not a bar to a subsequent suit for the same cause, begun after the plaintiff's right of action has accrued.

In an action against the indorser of a promissory note, judgment was rendered for the defendant solely because he had not been notified of the maker's nonpayment before suit was brought. *Held* that such judgment did not bar a second action against the indorser begun after legal notice of dishonor had been given him.

An allegation in a demurrer, that "it appears from the records of the court" in a former action "that the subject-matter of this action was passed upon and finally determined in the former action," is insufficient to make the files and judgment in the first suit a part of the record in the case on trial.

Argued January 9th—decided January 29th, 1902.

ACTION to recover the amount of a promissory note made by a third person to the order of the plaintiff and indorsed by the defendant prior to its delivery, brought to the Court of Common Pleas in Hartford County and tried to the court, *Case, J.,* upon a demurrer to the plaintiff's second reply;

the court sustained the demurrer and rendered judgment for the defendant, and the plaintiff appealed for alleged errors in the rulings of the court. *Error, judgment reversed and cause remanded.*

In this court a motion to erase was filed by the appellee, upon the ground that no notice of appeal was filed. *Motion to erase denied.*

The case is sufficiently stated in the opinion.

*Joseph P. Tuttle,* for the appellant (plaintiff).

*Hugh M. Alcorn,* for the appellee (defendant).

HAMERSLEY, J.   The question of law presented in this appeal arises upon the following conditions as shown by the record.   The plaintiff was holder of a promissory note payable to his order, signed by one Hamilton, and indorsed in blank by the defendant before delivery to the plaintiff.   This note at maturity was duly presented for payment, but was not paid.

This fact gave to the plaintiff no right of action against the defendant, whose liability to him depended also on another fact, *viz.,* the giving of notice of dishonor within the time fixed by statute.   Public Acts of 1897, Chap. 74, § 89 *et seq.*

After the refusal of payment and before notice of dishonor had been given, the plaintiff commenced an action against the defendant in the Court of Common Pleas for Hartford county, and in that action defendant recovered his costs. After that judgment the plaintiff brought this action, setting out in the complaint all the facts necessary to support a good cause of action against the defendant as indorser of said note.

The defendant's answer alleges the rendition of the judgment in the former action above mentioned ; that the cause of action set forth in this complaint is the same cause of action upon which said judgment was rendered for the defendant; and that no appeal was taken from said judgment, but the same is still in force.

The plaintiff's reply, by way of denial of the essential allegations in the answer that the former judgment was rendered upon the same cause of action alleged. in this complaint, states that the finding of the court upon which the judgment was based was this: the plaintiff gave the defendant no notice of dishonor within the time limited by statute and before the commencement of the action. The reply further alleges, that subsequent to the commencement of the former action, and within the time accorded him by statute, the plaintiff gave to the defendant due notice of dishonor, and that the sufficiency of such notice was not passed upon in the former action.

To this reply defendant demurred, because (1) it appears from the allegations of the reply and from the records of the court that the subject-matter of this action was passed upon and finally determined in the former action; (2) no facts are alleged in the reply which could not have been presented and considered by the court in the original action.

We think the trial court erred in sustaining the demurrer. If the defendant intended, by his reference to the " records of the court," in stating his first ground of demurrer, to produce in his demurrer, so as to form a part of the record in this case, a transcript of the files and judgment in the former action, he has not succeeded. Whether or not the terms of the former judgment are such as in law are conclusive of the facts alleged by the reply, is a question not before us, and which was not properly before the trial court, and upon which the trial court does not appear to have passed. The reply substantially alleges that the only cause of action tried and determined in the former suit, was the liability of the defendant as indorser, before the plaintiff had given notice of dishonor. The judgment mentioned in the answer may be conclusive upon that cause of action.

The reply also alleges that subsequent to the institution of the former action, the right of action now sought to be enforced accrued. In other words, the reply alleges that the former action was brought prematurely, and that the judgment therein is based only on the fact, found by the court, that it

was prematurely brought. In sustaining the demurrer, the trial court ruled that, notwithstanding the truth of these allegations of the reply, the judgment was a bar to this action.

This was error. It is elementary law that a judgment based only on a finding that the plaintiff's action is prematurely brought, is not a bar to another suit, brought to enforce the plaintiff's right of action, which accrued after the commencement of the former suit, and which could not have been presented, tried, or determined in that suit. The second ground of demurrer is plainly insufficient. The former action was an action at law, and was commenced before the facts, stated in the reply and relied on as the ground of action in this suit, had taken place. It was legally impossible for these facts to have been presented by the plaintiff, or to have been considered and determined by the court in the former action.

It is immaterial for present purposes whether the plaintiff can or cannot prove the facts alleged in his reply. The demurrer admits their truth and for this reason should have been overruled.

There is error, the judgment of the Court of Common Pleas is reversed and the cause is remanded for further proceedings according to law.

In this opinion the other judges concurred.