J. E. Smith and Company, Inc. *vs.* E. A. Say.

J. E. Smith and Company, Inc. *vs.* C. W. Say.

Third Judicial District, Bridgeport, April Term, 1925.
Wheeler, C. J., Beach, Curtis, Keeler and Maltbie, Js.

After the defendant had agreed to advance money, upon mortgage security, to enable N to construct a dwelling-house, he accepted N's written order to pay the plaintiff $1,500 from the proceeds of the mortgage loan for lumber used in the erection of the building. *Held* that the order was a nonnegotiable bill of exchange, the terms of which, after delivery to the plaintiff, could not be varied by parol evidence.

The order provided that it should be "due when building is complete and accepted." *Held* that this must be taken to refer merely to the fact or time of completion and acceptance, since N was building the house for himself.

Before the building was completed, N absconded, whereupon the defendant foreclosed his mortgage, took possession of the property and finished the construction. *Held* that these facts constituted completion and acceptance within the terms of the order.

The plaintiff did not bring the present action upon the written order, but alleged that the defendant had "assumed the payment of the lumber bill of the plaintiff" up to the sum named in the order and had "promised to pay" the plaintiff the amount thereof. *Held* that there was no variance between these allegations and proof of the order, especially in view of the admission

in the defendant's answer that the order was "the same matter referred to in the complaint as the defendant's assumption to pay."

The defendant's signature upon the order after the word "accepted" was sufficient to satisfy the requirement of the statute of frauds.

Evidence as to the amounts advanced to N by the defendant under the mortgage was admissible in view of the allegation in his answer that nothing was due N at the time that the plaintiff demanded payment of its bill; and for the same reason it was proper to show that, in computing his mortgage debt for the foreclosure judgment, he had included and was allowed some part of his liability under the order.

Argued April 14th—decided June 2d, 1925.

ACTIONS upon two accounts for lumber furnished by the plaintiff to one A. S. Newbern, alleged to have been guaranteed by the defendants, brought to the Superior Court in New Haven County and tried to the court, *Peasley, J.;* judgment for the plaintiff in each action, and appeals by the defendants. *No error in either case.*

The findings of fact material to the disposition of the questions of law involved being identical, the following statement applies to each of these two appeals:

One Newbern, who was erecting a building, for the construction of which the defendant had agreed to make advances secured by mortgage on the premises, ordered lumber for the construction of the building, which the plaintiff refused to deliver unless payment was guaranteed by defendant. Defendant thereafter accepted, by his signature, an order drawn by Newbern to pay to the plaintiff $1,500 out of the proceeds of the mortgage note given to secure defendant's advances. The order was "due when building is complete and accepted." It was delivered to the plaintiff who furnished lumber, used in the construction of the building, to the value of $1,400, on the faith of the acceptance. Thereafter Newbern absconded, leaving the building unfinished, and the defendant brought fore-

closure, and included in the computation of the mortgage debt a part, at least, of the amount of his liability on the acceptance. Defendant bought in the premises at foreclosure sale, finished the building at his own expense, and the same is now rented and occupied by defendant's tenants.

The action is not brought on the acceptance, but upon allegations that the defendant "assumed the payment of the lumber bill of the plaintiff," in the amount named in the acceptance, and that the defendant "promised to pay" the plaintiff the amount thereof. Judgment was rendered for the plaintiff to recover the value of the lumber furnished and used in the construction of the building.

Defendant appeals and assigns as error that there was a variance between the contracts alleged and proved; that the contracts sued on were within the statute of frauds; that the court erred in rulings on evidence, and in refusing to correct the finding in certain particulars, and that the finding does not support the judgment.

*Ulysses G. Church* and *Albert W. Hummel*, for the appellants (defendants).

*Clayton L. Klein,* for the appellee (plaintiff).

BEACH, J. On the merits, the appellant's claim is that his acceptance of the order was conditioned on the completion of the building by Newbern himself, and some of the corrections of the finding asked for, are involved in this branch of the case. On the face of the document the defendant's claim cannot prevail. An accepted order of this kind is a nonnegotiable bill of exchange, the terms of which cannot be varied by parol after it has come into the hands of the payee. *Smith*

*& Co.* v. *Hurlburt Co.,* 93 Conn. 391, 106 Atl. 319. In that case the defendant had accepted a similar order "payable when plastering is done," and, in an action on the bill, pleaded as a special defense that the real agreement between plaintiff and defendant was that the plastering should be done by one Pettine, the drawer of the bill; that Pettine had abandoned the work; that defendant had been obliged to finish it at its own cost, and that it owed Pettine nothing. We held that the condition above quoted was not ambiguous and could not be varied by parol by inserting the further qualification that the plastering should be done by the drawer of the bill. That is exactly what is proposed to be done in this case, by one of the corrections of the finding asked for, and it must be held that the condition relates, as the trial court finds, merely to the fact or time of the completion of the building. As to that, the court finds that the building is completed and has been rented and occupied since January, 1923; and it must also follow that there is no variance, for the accept- ance not only proves the allegation that "the defend- ant promised to pay" the plaintiff the sum named therein, but the defendant's answer expressly admits that the order and acceptance is "the same matter re- ferred to in paragraph 5 of the complaint as the de- fendant's assumption to pay" the plaintiff's lumber bill.

No foundation is laid for making any correction of the finding which would have the effect of varying by parol the terms of the order and acceptance.

As Newbern was building the house for his own ac- count, and not for any third party, it does not appear that anybody was in a position to refuse to accept it when completed; and we think the finding, that the defendant bought in the property at the foreclosure sale and is now the owner of the building, evidences a

sufficient acceptance to satisfy that term of the bill. The word "accepted," followed by the defendant's signature, puts an end to the defense based on the statute of frauds.

As to the rulings on evidence, the bill of exchange was admissible for reasons stated. The checks showing amounts advanced to Newbern by defendant, were not irrelevant in view of the allegation in the defendant's answer that he owed Newbern nothing when the plaintiff demanded payment of its bill. For the same reason the testimony tending to show that the defendant in computing the amount of the mortgage debt included and was allowed some part, at least, of his liability under the bill of exchange, was not irrelevant; and the objection as to the incompetence of parol evidence on that point was cured by the subsequent admission of the record of the foreclosure proceedings.

There is no error in either case.

In this opinion the other judges concurred, except MALTBIE, J., who dissented.