EASTERN PLUMBING SUPPLY COMPANY vs. HARRY LEVITT.

First Judicial District, Hartford, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 8th, 1929—decided January 31st, 1930.

*Isaac Nassau,* with whom, on the brief, was *Francis P. Rohrmayer,* for the appellant (defendant).

*Morris Blumer,* for the appellee (plaintiff).

HINMAN, J. In a special defense the defendant set up in bar of the action the judgment in his favor in the former action, as between the same parties and for the same cause of action. In that action the court found that the job of constructing the apartment house was not completed when the action was instituted, and rendered judgment for the defendant on the ground that the action was prematurely brought. The court did not err in ruling that this judgment was not *res adjudicata* of the present action. A judgment for the defendant upon the sole ground that the action is premature is not a bar to a subsequent suit for the same cause, begun after the plaintiff's right of action has accrued. *Peck* v. *Easton,* 74 Conn. 456, 51 Atl. 134; *Vincent* v. *Mutual Reserve Fund Life Asso.,* 77 Conn. 281, 58 Atl. 963.

Upon the issues relating to the interpretation and consequent effect of the order sued upon, the trial

court held that the schedule of payments contained therein merely fixed the time for payment and that the order did not attach any condition to the payments other than, at most, that payments must accrue to Corsino in accordance with the mortgage sufficient in amount to cover the amount of the order as payments thereon accrued, but that the terms of the order did not allocate each payment to a corresponding accruing payment of the mortgage, and ruled that, the job having been completed, although not by or for Corsino but by the defendant, the defendant was liable for the last payment provided for by the order although Corsino never became entitled to the last payment under the terms of the mortgage.

The defendant claims that, instead of the order being so construed and given such effect, the payments which were to be made by the defendant to Lappen or his assignee at the several designated stages of progress of the building which the drawer was erecting, were to be made only out of the payments which, under the terms of Corsino's mortgage to the defendant, became payable by the defendant, to or for Corsino, at corresponding stages of the construction of the building, and that the defendant was not bound, by his acceptance of the order, to make the designated payments thereunder unless such corresponding payments became due from him to Corsino under the terms of the mortgage.

The language of the order, construed with due regard to the mortgage in contemplation of which it unmistakably was drawn, and the situation and conduct of the parties, indicates that the meaning and effect so contended for is in accordance with the expressed intention of the parties. The finding states that it was within the knowledge and understanding of Lappen that a building loan mortgage had been

given by Corsino to the defendant, which provided for a schedule of payments by the mortgagee conditioned on the completion of various stages of the work. The last six of these were as follows: "$7,000 when the building is lathed and ready for plaster; $6,500 when the first coat of plaster has been applied; $5,500 when the second coat of plaster has been applied; $5,000 when the standing trim is in place; $6,500 when the plumbing, electrical and heating fixtures are set and connected; $7,750 when said building and all other improvements agreed upon are fully completed." Before the order in suit was accepted, Lappen requested the defendant to accept an order made by Corsino providing for a schedule of payments which the defendant refused to accept for the reason that the payments specified were too large in consideration of the payments provided for in the mortgage.

The statement, in the order which was accepted, of the different stages of the work governing the several payments thereunder, although not verbally identical with those severally determining the last six payments provided for by the mortgage, manifestly refer to and in substance correspond with the payments last mentioned. The "payments to be made me [Corsino] on my apartment house" from which the order directed that the several payments therein specified should be "deducted," clearly were the payments, specified in the mortgage, to be made by the defendant to Corsino only when the designated stages of progress in the construction of the building were attained, and were conditional upon the attainment of such respective stages of completion. It is significant, also, of the practical construction of the order by the parties that while it is found that the total payments made by the defendant to or for Corsino on account of the mortgage after the acceptance of the order were more

than sufficient to cover the total amount of the order, the plaintiff appears to have accepted, without demand for more, five payments in the amounts severally specified according to the stages of progress of the work. It was only after Corsino, by his default in completing the building, forfeited his right to the last payment by the defendant to him under the mortgage, that a different construction and effect of the order was contended for by the plaintiff.

The order in question does not import a present indebtedness of the drawer to the drawee at the time of its execution and acceptance, as did that in *Jarvis* v. *Wilson,* 46 Conn. 90, and *Windsor Cement Co.* v. *Thompson,* 86 Conn. 511, 86 Atl. 1, or a present indebtedness but with payment of the order postponed, by the terms of the acceptance, until the accrual of a certain condition, as in *Smith & Co.* v. *Hurlburt Co.,* 93 Conn. 391, 106 Atl. 319, "when plastering is done" or by the order itself, as in *Smith & Co., Inc.* v. *Say,* 102 Conn. 558, 129 Atl. 538, "when building is complete and accepted," and *Robbins* v. *Blodgett,* 124 Mass. 279, "when the house is finished." In these cases the order was held to be payable absolutely when the specified work had been done, irrespective of by whom it was completed.

Here, the terms of the order, in effect, designate not only the time of payment but also the particular fund out of which each payment was to be made and from which it was to be deducted, viz: the instalment to become payable by the defendant to Corsino, upon compliance with the same condition as the advancement on the principal of the mortgage specified as then payable. The order looked to the future, to a certain quantity of work to be done and materials supplied by the drawer for the benefit of the acceptor —affording security for the corresponding advance-

ment upon the mortgage. This advancement was contingent upon the performance of the specified condition; so, likewise, was the corresponding payment called for by the order, and the acceptance was an undertaking dependent upon the same contingency. The final payment under the order was dependent upon such completion of the building "job" by or for Corsino as would entitle him to receive the final payment upon the principal of the mortgage. As he has not fulfilled this condition the fund which was expected to accrue therefrom and from which the last payment under the order was to be made never came into existence and the specified time for payment never arrived; hence the defendant is not liable therefor on his acceptance. *Somers* v. *Thayer,* 115 Mass. 163; *Fuller* v. *Wilde,* 151 Mass. 412, 24 N. E. 209; *Newhall* v. *Clark,* 57 Mass. (3 Cush.) 376; *Duffield* v. *Johnston,* 96 N. Y. 369.

There is error, the judgment is reversed and the City Court of Hartford is directed to enter its judgment for the defendant.

In this opinion the other judges concurred.