STOUGHTON LUMBER COMPANY *vs.* FRANS O. OGREN.

Norfolk.    May 15, 1931. — June 23, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Contract,* Construction, Order.  *Order.*

A contract of a building contractor for the construction of a house provided for six instalment payments to be made by the owner as the work progressed, the fourth to be made "when house is ready for finish" and the last "when house is finished and bills are paid." The

contractor issued an order on the owner to make certain payments to a material man from the second, third and fourth payments "and the balance as per their bills when the house is finished," and the owner accepted the order. Before the fourth payment became due to the contractor, he abandoned the contract and the owner hired other workmen to complete the building. The material man brought an action of contract against the owner on the order. *Held*, that

(1) The acceptance of the order by the defendant was conditional on performance by the contractor under the building contract, and the defendant was not bound to make payments to the plaintiff except so far as he was required under the building contract to make payments for the work done by the contractor;

(2) The plaintiff could not recover.

CONTRACT. Writ in the District Court of Southern Norfolk dated June 11, 1927.

On removal to the Superior Court, the action was tried before *F. T. Hammond*, J. Material facts are stated in the opinion. In answer to a special question, the jury found that the fourth payment from the defendant to Lepine under the contract never became due. The judge thereupon reported the action for determination by this court.

*E. F. Leonard*, for the plaintiff.

*R. S. Riley*, for the defendant.

CARROLL, J. In this action the plaintiff seeks to recover $1,014.60 for materials furnished in the construction of a house for the defendant. In March, 1926, one Lepine made a contract in writing with the defendant to build a house for the sum of $3,600, to be paid $300 "when foundation in," $1,000 "when framed, boarded and roof covered," $700 "when outside is finished and rough plumbing and wiring," $700 "when house is ready for finish," $300 "when standing finish is on," and $600 "when house is finished and bills are paid." Lepine applied to the plaintiff to supply the lumber and certain materials. The defendant agreed with a representative of the plaintiff to accept an order. Lepine then drew, and the defendant accepted, this order: "November 30, 1926. Franz O. Ogren, Please pay to the Stoughton Lumber Company on Pleasant Court house $400.00 on second payment, $300.00 on the third payment, $300.00 on the fourth payment and the balance as per their bills when

the house is finished. (Signed) G. C. Lepine. Accepted December 4, 1926, Franz O. Ogren."

Thereafter the plaintiff delivered material for said house, amounting to $1,714.60. The defendant paid to the plaintiff $400 on the second and $300 on the third payment. Subsequently Lepine became involved in financial difficulties and failed to complete his contract and Ogren hired other workmen to complete the building. He refused further payments on the order. It was agreed that the fifth payment and sixth or final payment never became due.

It was the plaintiff's contention that the fourth payment was due — that $300 was owed it on this payment. It also contended that the words in the order, "and the balance as per their bills when the house is finished," meant that such balance was payable when the house was finished by any one, even if not finished by Lepine. The jury found that the fourth payment under the contract never became due. The trial judge ruled that "the balance due [was] conditional upon the finishing of the house by the contractor Lepine under the contract." He reported the case to this court.

The judge was right in his ruling. It was found as a fact that the fourth payment never became due, and, as Lepine has failed to complete the contract, the balance due when the house was finished and the bills paid never was payable under the contract with Lepine.

The plaintiff's right to insist on payment of the order depended on the fulfillment of the contract by Lepine. The order was based on the contract. The time and the amount of payment referred to the various payments on the contract. The acceptance was conditional on performance under the particular contract, and the defendant was not bound to make payments to the plaintiff except so far as he was required under the agreement to make payments for the work done by Lepine. The acceptance did not amount to an absolute promise to pay the plaintiff. *Somers* v. *Thayer*, 115 Mass. 163. *O'Connell* v. *Root*, 254 Mass. 218. *Dolben* v. *Kaufman*, 270 Mass. 381. *Rothenberg* v. *Newton Mortgage Corp.* 273 Mass. 399.

*Russell* v. *Barry,* 115 Mass. 300, relied on by the plaintiff, is not applicable. There the acceptance of the order was not conditional on the completion of the house by the contractor.

*Judgment to be entered for the defendant.*