Jarvis v. Wilson.

### JOSEPH JARVIS vs. ALLYN M. WILSON.

An order drawn thus:—"Mr. *A. M. W.* Please pay *J. J.* $189 and charge the same to me. *W. M.*" Held to be a bill of exchange.

A bill of exchange may be accepted orally.

The statute of frauds does not apply to such an undertaking.

After acceptance the acceptor can not set up want of funds of the drawer in his hands.

ASSUMPSIT against the defendant as acceptor of an order drawn on him in favor of the plaintiff; brought to the Court of Common Pleas of Hartford County, and tried to the court on the general issue before *McManus, J.* Facts found and judgment rendered for the plaintiff. Motion in error by the defendant. The case is fully stated in the opinion.

*C. E. Perkins,* with whom was *S. F. Jones,* for the plaintiff in error.

*M. R. West,* for the defendant in error.

LOOMIS, J. On the 8th of July, 1874, one William Murphy owed the plaintiff $189.20, and drew his order on the defendant in favor of the plaintiff in writing as follows:—

" Mr. A. M. Wilson. Please pay Joseph Jarvis one hundred and eighty-nine dollars and twenty cents, and charge the same to me.                              WILLIAM MURPHY."

Murphy, who was then and had been for some time in the employ of the defendant, had been authorized by the latter to draw orders in favor of his workmen, of whom the defendant knew the plaintiff to be one.

The above order was duly presented for acceptance to the defendant on the same day that it was given, and the defendant said it was good, and verbally promised to pay it. It afterwards appeared that there was in fact due from the defendant to the drawer only $144.94, and thereupon the defendant refused to pay the plaintiff as he had before agreed. The court below upon these facts held the defendant liable for the full amount of the order. We think the judgment

must stand against all the objections urged in behalf of the defendant.

The defendant claims, *in limine,* that his undertaking cannot be regarded as subject to the rules applicable to bills of exchange, but must be treated as a mere promise to pay money. But we do not see why it does not contain every essential element of the most approved definition of a bill of exchange. It is a written order from Murphy, addressed to the defendant, requesting him to pay the plaintiff a certain sum of money therein named. 1 Bouvier's Law Dict., *Bill of Exchange;* Byles on Bills, 57; Story on Bills, §§ 3, 37, 40; Edwards on Bills and Notes, 150; *Eastern R. R. Co. v. Benedict,* 15 Gray, 292; *Kendall* v. *Galvin,* 15 Maine, 131; *Michigan Ins. Co.* v. *Leavenworth,* 30 Verm., 12.

But conceding the order to be a bill of exchange, the defendant further claims that he is not liable, because his acceptance was only by parol, when it should have been in writing.

It is true, as a general rule, that to make one liable as a party to a bill or note his name should appear thereon under his own hand or that of his agent. A wise policy may also require that the liability of an acceptor should not depend on parol evidence, and, recognizing this, some states have already changed the rule of the common law as to an acceptor of a bill of exchange. In New York it is required by statute that the acceptance should be in writing, and there is a similar statute in England as applicable to an inland bill. But where there is no statute to control, the rule is quite general, both in England and in the United States, that an acceptance of a bill of exchange may be by parol. 1 Swift Dig., 424; Story on Bills, §§ 242, 243, 246; 1 Parsons on Cont., 267; Edwards on Bills and Notes, 409; *Dunovan* v. *Flynn,* 118 Mass., 539; *Spaulding* v. *Andrews,* 48 Penn. S. R., 411.

The statute of frauds does not apply to such an undertaking. One reason may be that the acceptor is regarded as the primary debtor, and his acceptance is an undertaking not merely to pay a debt due from the drawer to the payee, but to pay his own debt to the drawer.

But in this case the defendant relies on the fact that when he accepted the bill he had not in his hands sufficient funds of the drawer to pay the amount required, and contends that the acceptance should therefore either be considered within the statute, or should be held void for want of consideration. This objection ignores the fundamental principle that the acceptance admits every thing essential to the validity of the bill, and that want or failure of consideration cannot be shown in a suit by the payee against the acceptor. The presumption is that every bill of exchange is drawn on account of some indebtedness from the drawee to the drawer, and that the acceptance is an appropriation of the funds of the latter in the hands of the former. The rule of law is not unjust that prevents the acceptor from showing as a defence against a suit by the payee a want of funds of the drawer in his hands, for it was his duty to ascertain before he accepted the bill whether he owed the drawer that amount. This was exclusively within his knowledge, but the plaintiff had no means of knowing how the fact was, and he had a right to assume that the defendant would not accept the bill unless he had funds of the drawer sufficient to make good the acceptance. *Fisher* v. *Beckwith*, 19 Verm., 31; *Arnold* v. *Sprague*, 34 id., 402; *United States* v. *Bank of Metropolis*, 15 Pet., 377; *Grant* v. *Ellicott*, 7 Wend., 227; *Hoffman* v. *Bank of Milwaukee*, 12 Wall., 181; Parsons on Notes and Bills, 323; 1 Daniels on Negotiable Instruments, 135.

There is no error in the judgment complained of.

In this opinion the other judges concurred.