RALPH L. PARKER *vs.* JOHN H. SELDEN ET AL.

Third Judicial District, New Haven, June Term, 1897. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

In December, 1893, the defendants wrote to the plaintiff to "cut out and have ready for spring shipment the following order" (specifying the kinds of wood and lumber desired), all of which was "to be delivered over the rail of a vessel." The plaintiff accepted the order, and subsequently sued the defendants for their alleged neglect and refusal to take and pay for the wood and lumber in accordance with the terms of the order. *Held* that the plaintiff could not recover for any wood or lumber furnished after the 1st of July, 1894; that while it was competent for him to show that "spring shipment" had a technical meaning and was used by the parties with that meaning, the expression could not, in the absence of such evidence and as matter of law, be given any meaning which would extend the period for spring shipment beyond the first day of July.

The plaintiff offered to show that the parties had by their conduct extended

the period for "spring shipment," so as to include the whole summer of 1894. *Held* that this was an attempt to prove a different contract from that alleged, and that the evidence was properly rejected.

[Argued June 9th—decided July 13th, 1897.]

ACTION to recover damages for a claimed breach of contract to purchase certain wood and timber, brought to the Superior Court in New Haven County and tried to the court, *Thayer, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Henry G. Newton,* with whom was *Clifford Gilbert,* for the appellant (plaintiff).

There is no denial that the lumber was always ready when defendant came for it. The rule of damages in an action for the non-acceptance of property sold or contracted for is the amount of actual injury sustained by the plaintiff in consequence of such non-acceptance. *Allen* v. *Jarvis,* 20 Conn. 38, 48. Plaintiff should have had judgment for the wood and lumber washed off the wharf and lost. Defendants are the ones in fault and should bear the loss. That a boat sent April 3d was injured, is certainly no excuse for not sending another. It is a matter of common knowledge that in these times boats are easily to be had, and twenty-four hours would cover all the necessary delay by reason of the injury to the boat sent. Interest is clearly a part of plaintiff's loss by defendants' failure to come for the goods. The plaintiff was entitled to recover the full contract price for the wood and lumber. 3 Parsons on Contracts, 209; *Dunstan* v. *McAndrew,* 44 N. Y. 72, 78; *Mason* v. *Decker,* 72 id. 555; Benjamin on Sales, p. 717. Plaintiff was entitled to show what defendants said "spring shipment" meant. *Gray* v. *Harper,* 1 Story, 574. In this case, parol evidence of conversations between the parties at the time of making the contract was held admissible for the purpose of showing what sense they attached to the term "costs." See also *Selden* v. *Williams,* 9 Watts, 9; *Kemball* v. *Lull,* 3 McLean, 372. The

finding shows that the court thought it necessary that plaintiff should have all his goods upon the wharf before June 1st, 1894, to recover. As matter of fact, the wharf would not hold a quarter of them, and he had a right to show it. The court has manifestly put upon plaintiff a duty which did not belong to him. He could not tender the goods until defendants called for them. Ordinarily in sales the buyer must come for the goods before the seller is bound to deliver. *Coone* v. *Spaulding* 47 Mich. 162; *Bolton* v. *Riddle*, 33 id. 13; *Kunkle* v. *Mitchell*, 56 Pa. St. 100; Benjamin on Sales, p. 659.

*Edward H. Rogers* and *John M. Murdoch*, for the appellees (defendants).

There was no breach of the contract by the defendants. There could be no "appropriation" of the articles specified in the contract by the defendants, until the goods were delivered to them "over the rail of a vessel," and during the spring of 1894, in accordance with the terms of the contract. Benjamin on Sales, §§ 352, 358–360. The plaintiff's offer to prove that by "spring shipment" was meant a period extending through the summer of 1894, and that the plaintiff had all the articles called for in the contract ready for shipment before the end of the summer of 1894, was properly overruled. Parol evidence to contradict or vary the time of delivery fixed in the writing was inadmissible. *Hotchkiss* v. *Higgins*, 52 Conn. 205, 213; Benjamin on Sales, §§ 205, 206; *Williams* v. *Robinson*, 73 Me. 186, 195; *Ford* v. *Yates*, 2 M. & G. 549. Evidence that after June 1st, 1894, the defendants had ordered from the plaintiff lumber and wood of the same description as that in the contract in suit, was not admissible. Whether in writing or parol, such new agreement is not within the pleadings. *Plevins* v. *Downing*, L. R. 1 C. P. Div. 220. Furthermore, evidence of any verbal agreement to extend the time of delivery would be in violation of the statute of frauds,— the contract in suit being within the statute,—and therefore incompetent. *Plevins* v. *Downing, supra;* Browne on

Statute of Frauds, § 426 *a* ; Benjamin on Sales, § 216, 217 *a* ; *Swain* v. *Seamens*, 9 Wall. 254, 272 ; *Schultz* v. *Bradley*, 57 N. Y. 646 ; *Noble* v. *Ward*, L. R. 1 Exch. 117. As there has been no forbearance by the plaintiff at the request of the defendants, the defendants are not estopped from denying that the plaintiff was ready and willing to deliver within the contract time. *Hickman* v. *Haynes*, L. R. 10 C. P. 598 ; *Ogle* v. *Earl Vane*, L. R. 3 Q. B. 272 ; Benjamin on Sales, § 217*a*. The plaintiff's claims as to damages were properly overruled. 2 Sedgwick on Damages, § 753 ; Sedgwick's Elements of Damages, 248 ; *Allen* v. *Jarvis*, 20 Conn. 38 ; *Jordan, Marsh & Co.* v. *Patterson*, 67 id. 473. A loss caused by unexpected natural causes supervening on the defendants' act is not a damage contemplated by the contract. 1 Sedgwick on Damages, § 152 ; *Memphis & C. R. R.* v. *Reeves*, 10 Wall. 176 ; *Denning* v. *N. Y. Central R. R.*, 13 Gray, 481 ; *Daniels* v. *Ballentine*, 23 Ohio St. 532 ; *Morrison* v. *Davis*, 20 Pa. St. 171. The defendants had the right to object to a judgment on the facts alleged and proved, notwithstanding paragraph 6 of the complaint was not demurred to. *Adams* v. *Way*, 32 Conn. 169 ; *Greenthal* v. *Lincoln, Seyms & Co.*, 67 id. 378.

ANDREWS, C. J. The plaintiff's cause of action was founded on the order contained in a letter from the defendants, as follows : —

                   " COBALT, Dec. 21st, 1893.

" R. L. Parker, Esq.,

" Dear Sir : Please cut out and have ready for spring shipment the following order :

" 3,000 Horse R. R. ties, hewed 7 ft. long, 5 in. thick, and 5 in. face, @ .14 each, to be 2/3 chestnut and 1/3 oak.

" 1,500 8 ft. chestnut posts @ 8 cts.

" 2,000 10 ft.    "      "    @ 10 cts.

" 1,500 12 ft.    "      "    @ 15 cts.

" These to be of live timber, and to be from 4 to 6 in. at top end.

" 400 cords clear oak wood @ $3.75.

" 100    "    chestnut    "    @ $2.50.

" 3,000 ft. 8 ft. 4 $\times$ 4 chestnut.

" 3,000 ft. 10 ft.　"　　　　"

" 4,000 ft. 12 ft.　"　　　" @ 18.00

" All of the above order to be delivered over the rail of a vessel.

　　　　　　　" Yours truly,

　　　　　　　　" JOHN SELDEN & SON."

The complaint, after mentioning the order and alleging that the plaintiff received and accepted it, says : " (3) Defendants did not take said wood and timber as agreed, but neglected and refused to take or pay for the same, except as is hereinafter stated. (4) Defendants did not take any of said timber or wood until a long time after the same was ordered to be ready, and what they have taken has been taken in small quantities and at long intervals between July of 1894 and July of 1895. (5) The following wood mentioned in said order has never been taken or paid for by the defendants, to wit : 1,200 horse ties, 300 cords of oak wood, 100 cords of chestnut wood, 4,000 feet of 4 by 4 chestnut sticks. (6) Plaintiff has been to great trouble and expense in cutting and carting said wood, and a large amount of horse ties and oak wood, which had been placed on the dock at the request of the defendants, ready for shipment, was, in consequence of the neglect of the defendants to send a vessel for the same for several months thereafter, carried away by the high tides and wholly lost ; and defendants have called for the shipment of the different loads of wood taken by them at inconvenient times, many months after they should have taken the same, and thereby caused great expense to the plaintiff."

The answer of the defendants admits the sending the said order and its acceptance by the plaintiff ; and then goes on to say : " (3) As to paragraphs three and four the defendants answer and say that they did not refuse to take the wood and timber as agreed, and that they took all thereof that the plaintiff had ready for spring shipment in compliance with said order, and paid the plaintiff therefor ; but

that the plaintiff failed to have ready for spring shipment a large quantity of the wood and timber called for in said order. . . . (4) As to paragraph five the defendants answer and say that they did not take any of the wood therein mentioned, because the plaintiff did not have it ready for shipment as called for in said order. (5) Paragraph six is denied."

These pleadings reduced the controversy of the parties substantially to this: What period of time was included within the expression "spring shipment"? The court found the issue for the defendants, and the plaintiff appeals.

The finding of facts is as follows: "1. Immediately after the acceptance of the order by the plaintiff, he began to cut the wood and timber therein mentioned, and before spring opened had a large quantity of the posts, ties, and wood piled upon the wharf at Guilford, so as to be ready for delivery upon boats when sent for the same. 2. On April 2d, 1894, the defendants sent the plaintiff two letters of that date.* The posts and 4 × 4 chestnut, therein mentioned, were part of the lumber called for in the original order; the white oak was not. 3. The defendants sent the boat, as stated in said letters, but on the voyage to Guilford she came in collision with a tug boat, and was so.damaged that repairs were necessary, and she was taken into New London for such repairs, and could not and did not reach Guilford until May 11th, 1894. The defendants in the meantime sent no other boat to Guilford, though immediately notified of the collision and

---

*COBALT, CONN., Apr. 2d, 1894.

RALPH PARKER, ESQ. *Dear Sir:* Boat will be in Guilford Wednesday or Thursday to load posts. Can you get us 1,000 ft. of white oak, sawed through and through 12 ft. long, $1\frac{1}{2}$ and 2 in. thick. This must be butt cuts and nice lumber. Want it to go on this boat.

Yours truly, JOHN H. SELDEN & SON.

P. S.—How much water is there at Guilford ?

*COBALT, CONN., Apr. 2d, 1894.

RALPH PARKER, ESQ. *Dear Sir:* Can you get the following 4 × 4 chestnut *to go on this boat of good sound timber:* 25 pieces 8 ft.; 25 pieces 10 ft.; 25 pieces 12 ft.

Yours truly, JOHN H. SELDEN & SON.

damage aforesaid.   4.  About April 11th, 1894, the wharf at
Guilford where the plaintiff had deposited his posts, ties,
and lumber as aforesaid, was submerged by an unusually
high tide, and a large quantity of said ties, posts and lum-
ber was washed away and lost.   The exact number of posts
and ties which had been placed upon the wharf at this time
did not appear upon the trial, nor did it appear just how
many were lost; but a sufficient number of neither to fill
the order had been placed on the wharf.   From the esti-
mates of witnesses I find that one thousand of each, ap-
proximately, were washed away and lost.   5.  All the posts
remaining upon the wharf on May 11th, 1894, were delivered
to the defendants on that day by the plaintiff, and taken
away on said boat.   6.  In consequence of the loss of ties,
posts and other lumber by said tide, and from other causes,
the plaintiff at this time (May 11th) had ready for shipment
no other of the articles called for by the original order, except
about five hundred ties; and he did not during the spring of
1894 have ready for shipment the ties, posts and other articles
called for therein, and did not tender or offer to deliver said
articles to the defendants, or notify them that he was ready
to do so.   7.  Said five hundred ties and some other articles
of lumber the defendants received from the plaintiff in June,
1894.   For all lumber mentioned in the original order, which
the plaintiff delivered to the defendants, they paid him in
full the price mentioned therein.   8.  Upon the trial the
plaintiff claimed that by 'spring shipment' in the contract,
was meant a period extending through the summer of 1894,
and he offered evidence to prove that he had all the articles
called for in the contract ready for shipment before the end
of that period.   To this evidence the defendants objected.
The court sustained the objection, but stated to counsel that
the evidence would be admitted if it should be shown that
in this business the words had the meaning claimed, or that the
defendants used them with that meaning.   The plaintiff in
reply to a question by his counsel said that he did not know
that the words had the meaning claimed when used in the
business, and could not say that the defendants had used

them in that sense. The plaintiff duly excepted to the exclusion of the evidence as aforesaid. 9. The plaintiff claimed throughout the trial that he was entitled to show that after the summer of 1894 the defendants had by letter ordered from him lumber and wood of the same description as that referred to in the original order, for which they had paid him the price therein agreed to be paid for similar articles, and that he had filled these orders from the stock which he had on hand in the summer of 1894; and that he was entitled to prove and recover, as his damage from the defendants' failure to come for the lumber when ready, the interest on the money which should have been paid when the lumber was ready for shipment, the expense and loss caused to him by the defendants taking the wood at inconvenient times, the value of the wood and ties which floated away, and the difference in value of the wood not taken, at the commencement of this action and in the spring of 1894. The court did not so rule, but overruled these claims, and upon objection excluded a great number of questions asked for the purpose of proving said facts and such elements of damage. To all these rulings the plaintiff's counsel duly excepted. 10. The court found the issue for the defendants, and rendered judgment in their favor, as on file."

The order fixed no time or times when the wood and timber was to be delivered to the defendants and paid for by them. It was therefore deliverable over the rail of such vessel as the defendant, on reasonable notice, should send to receive it. The title, therefore, remained, so long as the wood was on the dock, in the plaintiff. And so the loss of that which was carried away by the tide fell on him. This happened about the 11th day of April, 1894. There is no averment in the complaint that the defendants were remiss in sending a vessel at that time.

Every other item in respect to which the plaintiff claimed to recover damages, was for something which happened after July 1st, 1894. If the period for "spring shipment" named in the order, did not extend beyond the 1st day of July, 1894, the defendants could not be made liable for these items under

the order. It was for this reason that the plaintiff claimed that by " spring shipment " in the order, was meant a period extending through the summer of 1894. This expression might be held to mean just what the calendar names as the spring months, viz., March, April and May; or there might be given to it a somewhat more popular meaning, as the period when vegetation begins to put forth, extending in this latitude from about the middle of March to about the middle of June. But there is no meaning which can be given to it which, as matter of law, could make it extend beyond the 1st of July.

It was undoubtedly competent for the plaintiff to show by evidence that this expression had in this business the meaning which he claimed for it; *Smith* v. *Phipps*, 65 Conn. 302; or that it was used by the parties in this contract with that meaning. *In re Curtis-Castle Arbitration*, 64 Conn. 501. The plaintiff offered no evidence to prove either of these conditions, and offered no evidence to show that it had such meaning.

The plaintiff did offer evidence which he claimed would prove that the parties—defendants and plaintiff—had by their conduct extended the period of "spring shipment" so as to include the whole season of 1894. This evidence was objected to and ruled out. We think this ruling was correct. It sought to prove a contract different from the one alleged. The contract alleged was in writing; this was an attempt to prove a parol one. The contract alleged could not extend beyond the 1st of July, 1894. The one sought to be proved extended from July, 1894, to July, 1895. It appears then, that for all the wood and timber which the plaintiff furnished to the defendants pursuant to the contract he has alleged, he has been paid.

There is no error.

In this opinion the other judges concurred; except HAM-ERSLEY, J., who dissented.

HAMERSLEY, J. (dissenting).   The complaint alleges that the defendants did not take and pay for certain articles which, by the terms of the contract, they had agreed to take and pay for.   This allegation is admitted by the answer, and the fact so admitted was as much a fact in the case as if it had been found upon issue joined.   The defense is that the plaintiff first violated the contract by not having the goods mentioned in the order ready for spring shipment; and this involves a construction of the written contract.   It will hardly be questioned that the contract required the defendants to send a vessel or vessels for the goods, within a reasonable time after the arrival of the time when they could be shipped in the spring, and to give the plaintiff reasonable notice of the time when such vessel would be at the dock in Guilford to receive delivery; and that the plaintiff did not violate the contract so long as he was ready to meet and did meet the obligation to so " deliver over the rail of a vessel."

It seems to me that the finding shows with sufficient clearness that the trial court did not so construe the contract, but did construe it as requiring the plaintiff to have all the goods on the dock during the months of March, April and May, and to notify the defendants that they were so ready for delivery, although the defendants neglected to give the plaintiff notice when they would send a vessel to receive the goods; that this error in law induced the finding, essential to the judgment, that the plaintiff had violated the contract, and induced the exclusion of sundry relevant evidence; and that this error is assigned in the appeal.   There was, therefore, a mistrial, and a new trial should be granted.