The National Savings Bank *vs.* Julius C. Cable
ET AL.

Third Judicial District, New Haven, January Term, 1901.
Andrews, C. J., Torrance, Baldwin, Hamersley and Hall, Js.

An indorsement upon a savings-bank book issued to *A*, provided that *B* might draw upon the deposit for the completion of a house which he was building for *A*. In interpleader proceedings brought by the savings-bank it was *held* that *B's* power of withdrawal was limited to the single purpose of paying bills due for the construction of the house; and that a counterclaim filed by *C*, alleging that the plaintiff had accepted an order in *C's* favor drawn by *B*, was demurrable for failing to state that the order was given for such purpose, and also that there was any consideration for its acceptance by the plaintiff.

An order to pay $300, or what may be due on a specified savings-bank book, is not negotiable, and therefore does not import a consideration.

National Savings Bank *v.* Cable.

A defendant may properly be ordered to interplead after the issues raised by his answer and counterclaim have been determined in favor of the plaintiff; and in the absence of anything in the record to the contrary, it must be assumed that such determination was made before the order to interplead was passed.

Argued January 22d—decided March 6th, 1901.

ACTION of interpleader, brought to the City Court of New Haven and tried to the court, *Bishop, J.;* facts found and judgment rendered in favor of the claimants Frederick Brothers, and appeal by Julius C. Cable, another claimant, for alleged errors in the rulings of the court. *No error.*

The complaint alleges, in substance, the following facts: One Burke and his wife in June, 1899, deposited with the plaintiff $950.90, and took a deposit book therefor, No. E, 632, upon which book was put, by direction of said depositors, this memorandum, in writing: "A. J. Burke and wife. John D. Edwards may withdraw for completion of building, Kimberly Ave." Subsequently said depositors drew out part of said money, so that at the date of the complaint the amount to their credit was $300.90. The defendant Cable claims said money under the following writing, presented to the plaintiff in August, 1899: —

"$300. NEW HAVEN, CONNECTICUT, August 16, 1899.

"Treasurer National Savings Bank, New Haven.

"Pay Julius C. Cable, or order, three hundred dollars ($300), or what may be due on my deposit book No. E, page 632.

"JNO. D. EDWARDS."

"Witness: SELIGMAN ZUNDER."

The other defendants claim the money under a written assignment from Burke and wife. The plaintiff has no claim on the money, is ignorant of the rights of the respective claimants, and is ready to deliver it as the court may order.

To this complaint Cable filed an "Answer and Counterclaim." In it, by way of answer, he denied that the money stood in the plaintiff's hands to the credit of Burke and wife; that the other defendants made any claim to it; that the

National Savings Bank *v.* Cable.

plaintiff was ignorant of the rights of the claimants; and admitted the other allegations. The counterclaim set up the following facts, in substance: On August 16th, 1899, Cable presented to the plaintiff the written order drawn by Edwards, set forth in the complaint, and the plaintiff, by its treasurer, then accepted the same by writing on the back of it the following: "Aug. 16, 1899. Accepted and payable only when the Burke house on Kimberly Ave. is completed, and all bills paid on same. Julius Twiss, *Treas.*"

At the time of said acceptance said deposit book was in the possession of the plaintiff, and has ever since remained in plaintiff's possession. Said house mentioned in said acceptance has been completed, and all bills have been paid on the same. Damages to the amount of $350 were demanded under the counterclaim.

The plaintiff demurred to the counterclaim, substantially on the ground that it appeared that Edwards could draw money on account of the Burke deposit, only to use for the completion of the house on Kimberly Avenue, and it was not alleged, and did not appear, that the order in question was given for any such purpose. The court sustained the demurrer.

Afterwards the court ordered Cable to interplead with the other defendants, and he complied with the order. Subsequently the defendants were heard upon their respective claims to the fund, under their written claims to the same filed by way of interpleader, and the court, upon such hearing, found certain facts in a "Memorandum of Decision" which appears upon the record, and rendered judgment against Cable.

Upon this appeal only two errors are assigned, namely, the action of the court (1) in sustaining the demurrer to the counterclaim; (2) in compelling Cable to interplead.

*Henry G. Newton* and *Ward Church*, for the appellant, (Julius C. Cable).

*J. Birney Tuttle*, for the appellees, (Frederick Brothers).

TORRANCE, J.   The appellant claims that the questions upon this appeal are to be considered without reference to the facts found by the court in its "Memorandum of Decision," and for the purposes of the argument this will be conceded.

The first question is whether the court erred in sustaining the demurrer to the counterclaim, and the answer to this depends mainly upon the construction of the memorandum upon the deposit book.   The entry in question is exceedingly brief and informal, but when read in the light of the circumstances under which it was made, as they appear upon the record, without reference to the "Memorandum of Decision," the purpose and intent of the parties in making it are tolerably clear.   A house was being built for the Burkes upon their lot on Kimberly Avenue, and they had a deposit in the hands of the plaintiff to meet bills due and to become due on that house.   Provided the money was so applied, it was a matter of indifference to them, apparently, whether it was applied by themselves or by Edwards and the bank.   They desired to give Edwards power of some sort to pay these bills with this money, subject to their own right also to do so.   If this could be done with safety to themselves, it would be a convenience to all concerned; but such a power, conferred upon Edwards, would leave them at his mercy, unless its exercise was so limited and conditioned as to make it certain that a payment to Edwards under the power would be equivalent to a payment upon bills due on the house.   The Burkes were evidently unwilling to give Edwards absolute power over the money, else they would have given him such power.   Their main purpose in making the memorandum as they did, was, manifestly, so to limit the power of Edwards over the money as to afford them protection against its use by him for purposes of his own.   Under these circumstances the writing in question was made, and it gives Edwards power to draw upon the deposit for a single purpose, namely, " for the completion of the building on Kimberly Ave."

The question is whether the valid exercise of this power is conditioned upon an actual appropriation of the money drawn,

to the payment of bills due on the Kimberly Avenue house. We think it is. By the memorandum, the Burkes, in effect, said to the bank and to Edwards : " The money on deposit may be drawn by Edwards, provided it is used to pay bills due on the house." To hold otherwise is to defeat the manifest intent of the parties in making this memorandum. Upon this construction of the memorandum Edwards had no power to give the appellant the order here in question, except in payment of a bill or bills due upon the Kimberly Avenue house. The counterclaim failed to show that the order was given for any such purpose, and was clearly demurrable on that account.

The counterclaim also failed to show any consideration for the order or its acceptance. If the order had been negotiable it might have been held to import a consideration, but it is not negotiable. It is payable out of a particular fund; it is to pay $300, or what may be due on a specified book; the amount to be paid is made to depend upon the adequacy of a specified fund; such an order is conditional, and so not negotiable. Negotiable Instruments Law, §§ 1, 3 (Public Acts of 1897, Chap. 74). We think the court did not err in sustaining the demurrer to the counterclaim.

The next question is whether it erred in compelling the appellant to interplead. The plaintiff in its complaint alleged such facts as entitled it to relief under the statute. Chap. 42 of the Public Acts of 1893. The appellant denied some of these allegations and admitted the rest. The court found that all the allegations of the complaint were true, and thus necessarily found that the denials of the answer were not true. For aught that appears upon the record this finding was made before the order to interplead was made. If this is true, then, after the demurrer to the counterclaim was sustained and the issues raised by the answer had been determined, it was clearly the duty of the court to order the appellant to interplead, and it was the duty of the appellant to do so if he still claimed the fund. The record thus fails to show that the court committed any error upon this point, and

Kent v. Pratt.

it should be said that this point was not pressed in argument and is not alluded to in the brief of the appellant.

There is no error.

In this opinion the other judges concurred.