THE WINDSOR CEMENT COMPANY vs. GEORGE
THOMPSON.

First Judicial District, Hartford, January Term, 1913.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

The defendant, a subcontractor who owed the plaintiff $463 for building material, signed, dated, and gave to him a writing addressed to a third person—who in turn owed the defendant a larger amount—requesting the addressee to pay $463 to the plaintiff and charge the same to the defendant's account, stating that it was for materials furnished on a certain house. The addressee accepted the writing, but later refused payment. *Held* that the instrument was a non-negotiable bill of exchange, the use and legal effect of which were not affected by the Negotiable Instruments Act of 1897.

The defendant contended that the writing and its acceptance constituted an equitable assignment and operated as a novation. *Held* that there was nothing either in the writing itself or in the attendant circumstances which indicated that the parties intended such a result.

The trial court found that such writings were common in the building trade, but ruled that the instrument was a non-negotiable bill of exchange. *Held* that there was no inconsistency between these rulings.

Argued January 8th—decided March 11th, 1913.

ACTION to recover the amount of a written order upon a third person given by the defendant to the plaintiff and alleged by the latter to be a bill of exchange, brought to and tried by the City Court of Hartford, *Bullard, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

The defendant, a subcontractor under one Robert Davis, a general contractor, was indebted to the plaintiff for materials with which the former had completed his subcontract. Davis was indebted to the defendant under the latter's subcontract in an amount in excess of $463.69. On November 14th, 1910, the following instrument was executed by the defendant and given

to the plaintiff: "Hartford, Conn., Nov. 14, 1910. Robert Davis. Please pay to the Windsor Cement Company, $463.69 and charge to my account. This is for material furnished on the Cooley House. Geo. Thompson." The instrument was duly presented to Davis and accepted by him in writing. On March 7th, 1911, the plaintiff presented it for payment to said Davis, and payment was refused. The defendant was duly notified of its nonpayment. It has never been paid, and is now the property of the plaintiff. The giving of such instruments in the manner described, where parties are indebted as shown, is very common in the building trade.

Upon these facts the defendant claimed that the instrument sued upon was not a bill of exchange, but was an order such as is customary in the building trade; that when the order was accepted by Davis the defendant was released from all liability upon his debt to the plaintiff; and that in any event judgment could not be given for damages in excess of $463.69. The court found that the instrument was an order such as is customary in the building trade, but overruled the other claim, and ruled that the instrument was a nonnegotiable bill of exchange, and that the defendant, as maker thereof, was liable for its face value, with interest from the date of its dishonor. These rulings are assigned as error in the defendant's appeal.

*Ernest F. Oakley, Jr.*, and *Henry J. Calnen*, for the appellant (defendant).

*John T. Robinson* and *Thomas Hewes*, for the appellee (plaintiff).

THAYER, J. The defendant claimed that the instrument sued on was not a bill of exchange, but an order such as is customary in the building trade, and that it

had the effect of an equitable assignment of $463.69 to the plaintiff out of the amount due from Davis to the defendant.

A bill of exchange is itself an order, but has attributed to it certain qualities which do not belong to orders of a different character. It is not an assignment. That the order now in question is such as are customary in the building trade, does not establish the defendant's claim that it is not a bill of exchange. Bills of exchange had their origin with the merchants, and the attributes which the law affixes to them were borrowed from the custom of the merchants. No reason appears from the record why bills of exchange may not be advantageously used in the building trade. There is, therefore, no inconsistency between the court's finding that this is such an order as is customary in that trade, and its ruling that it is a non-negotiable bill of exchange.

To constitute the order an assignment, it must have been the intention of the parties that such should be its effect. As appears from the finding, the order was not for the whole sum due from Davis to the defendant. The conclusive inference is that it was not intended thereby to transfer the whole debt to the plaintiff. Davis was not bound to pay the debt by instalments. The order does not require him, if he accepts it, to pay it out of any particular money or fund, but directs him to charge the amount to the defendant's account. There is nothing therefore in the order itself indicating that the purpose was to assign or transfer to the plaintiff, in whole or part, any particular debt or chose in action. This is essential to constitute an assignment; and such purpose is found either in the language of the instruments, or in the facts, or both, in the cases which the defendant cites in support of his contention that this order was an assignment.

The defendant's contention that the order and its

acceptance constituted a novation, now made, but not made, so far as appears, in the trial court, is answered by the fact that it does not appear that there was any agreement that the defendant's indebtedness to the plaintiff was to be discharged thereby, an essential fact to establish a novation.

The facts appearing in the record are insufficient to support the defendant's claim that the order in suit differs in effect or purpose from, or is something else than, a bill of exchange.

But the plaintiff, under its complaint, was not entitled to judgment unless the order sued upon is a bill of exchange. As it is not payable to order or bearer, it is not within the definition of a bill of exchange found in the Negotiable Instruments Act. General Statutes, § 4296. Before the passage of that Act, non-negotiable bills of exchange were recognized in this State and elsewhere. *Jarvis* v. *Wilson*, 46 Conn. 90, 91. The Act purports to relate to negotiable instruments only. When originally enacted, in 1897, it was entitled "An Act relating to Negotiable Instruments, being An Act to Establish a Law Uniform with the Laws of other States on that Subject." The subject to which the Act relates is stated in the first part of the title, and its purpose is stated in the last part. The history of the Act is well known. The laws relating to negotiable paper had not been uniform in the different States. As such paper circulated between the different States it was important to the commercial world that the laws of the different States relating thereto should be uniform. The Act was passed upon the recommendation of the national conference of the state boards of commissioners for promoting uniformity of legislation in the United States, and conforms to the bill for an Act which they caused to be prepared. Mr. Crawford, who was employed to prepare the draft of the bill which

the commissioners recommended for adoption, says the law was not intended to affect non-negotiable instruments. "The law is confined to negotiable instruments. No attempt is made to deal with instruments which are non-negotiable; and they are not governed by the statute." Crawford's Annotated Negotiable Instruments Law (3d Ed.) p. 2, note *a.* Non-negotiable instruments are not intended to circulate from hand to hand. The need for uniformity of law in the different States relating to them does not exist. In view of the history of the Act and its apparent and declared purpose, it cannot be assumed that the legislature in enacting this law intended thereby to confine bills of exchange to those only which are negotiable. It is rather to be assumed that, dealing as it does with negotiable instruments, the Act purports to define only negotiable bills, and to leave non-negotiable ones, and the law relating thereto, as it was before. Such we think is the only reasonable interpretation of the statute. In other States where non-negotiable bills of exchange had previously been recognized and which have passed the Negotiable Instruments Act, this has been the interpretation placed upon it. *Westberg* v. *Chicago Lumber & Coal Co.,* 117 Wis. 589, 595, 94 N. W. 572.

The instrument in suit is in form a bill of exchange, is not payable to bearer or order, and contains all the elements of a non-negotiable bill of exchange. *Jarvis* v. *Wilson,* 46 Conn. 90, 91.

Upon the facts appearing upon the record, the court's rulings were correct. No question has been made before this court upon the question of the allowance of interest.

There is no error.

In this opinion the other judges concurred, except HALL, C. J., who concurred in the result, but died before the opinion was written.