J. E. SMITH AND COMPANY, INC., *vs.* THE W. M. HURL-BURT COMPANY.

First Judicial District, Hartford, January Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

An order in writing for the payment of money to a particular person, to be charged to the account of the drawer, is a nonnegotiable bill of exchange and is not affected by our Negotiable Instruments Act.

In an action by the payee against the acceptor of such an order, parol evidence is inadmissible to prove a contemporaneous oral agreement materially different from that contained in the written instrument.

In the present case a mason and plasterer who was working under contract for the defendant, requested it in writing to pay the plaintiff $250 on the job, and charge the same to his, the drawer's, account. Upon the presentation of this order to the defendant it was "accepted, payable when plastering is done." *Held* that

there was no uncertainty or ambiguity in these terms of accept-
ance, and that the plastering having been completed by some
one, oral evidence was inadmissible to show that the acceptance
was conditional upon its completion by the drawer personally,
and that he had failed to complete it.

There is a clear distinction between modifying a written contract by
oral testimony, and showing by like evidence that what purports
on its face to be a contract never came into existence as such or
that it has ceased to be a contract.

Several paragraphs of an answer which, taken together, attempt to
state a defense, should be treated by a demurrant as a unit and
as alleging a single defense; but if the demurrer, though addressed
to each paragraph, is based upon substantially the same reasons,
and these would have been equally valid had the several para-
graphs been treated collectively, the trial court will not be held
to have erred merely because it did not require the demurrer to
be recast in conformity to the rule, but treated the paragraphs
as a whole in sustaining the demurrer.

Questions of law not raised or ruled upon in the court below are not
open to the appellant in this court.

A complaint upon an order for the payment of money which alleges
an indebtedness by the drawer to the payee, states a considera-
tion for the order; and also supplies the omission of the words
"value received" in the order itself, which forms part of the com-
plaint.

The acceptance of an order or bill of exchange admits everything es-
sential to its validity, and want or failure of consideration can-
not be shown in an action by the payee against the acceptor.

The facts in the present case reviewed and *held* to show ample consider-
ation for the defendant's acceptance.

The case of *National Savings Bank* v. *Cable*, 73 Conn. 568, explained
and distinguished.

Submitted on briefs January 9th—decided April 16th, 1919.

ACTION to recover the amount of a written order
upon the defendant, which was alleged to have been
accepted by it, brought to the City Court of Water-
bury and thence, by the defendant's appeal, to the
District Court of Waterbury and tried to the court,
*Makepeace, J.;* facts found and judgment rendered
for the plaintiff for $327, and appeal by the defendant.
*No error.*

This is an action on the acceptance by the defend-

ant of a nonnegotiable bill of exchange drawn by one Pettine, payable to the plaintiff when certain plastering was done.

The defendant pleaded a general denial and, as finally amended, a special defense, the material paragraphs of which are these: "2. On September 12, 1912, the plaintiff requested the defendant to accept said order which the defendant refused to do, stating as his reason therefor that he owed the drawer thereof, Pettine, nothing. 3. It was thereupon agreed at the plaintiff's solicitation that the defendant would pay the plaintiff the amount of said order if and when Pettine finished the plastering, holding out of the sum then to be due said Pettine enough to pay said order. 4. In furtherance of said agreement, the defendant thereupon accepted said order conditionally, adding to the order 'accepted, payable when plastering is is done.' 5. The said Pettine failed to carry out said contract, and by reason of said default the defendant was obliged to hire other masons to complete Pettine's contract, and to do the plastering, and there is not and never has been since said September 12, 1912, any money due said Pettine on the Wilson job."

The plaintiff demurred to these paragraphs, as follows: "The plaintiff demurs to paragraph 2 of the defendant's first special defense because: It is immaterial, irrelevant and not a defense that the defendant originally refused to accept said order, nor is the reason therefor material, relevant or a defense, as it appears by the order itself that the defendant did accept the order which is now sued upon. The plaintiff demurs to paragraph 3 of the first special defense because: The allegations thereof are immaterial, impertinent and irrelevant since they attempt to extend and vary the written agreement of the parties, as evidenced by the order in question. The plaintiff

demurs to paragraph 5 of the first special defense because: The allegations thereof are immaterial, irrelevant and impertinent and not a defense to the plaintiff's cause of action."

This demurrer was sustained, the case was tried to the court, and the following facts were found, viz.: Prior to September 12th, 1912, one Pettine, a plasterer and mason, was indebted to the plaintiff in an amount in excess of $250, and at that time the defendant knew that Pettine was so indebted to the plaintiff. At that time Pettine had a contract with the defendant, by the terms of which he had agreed to do the plastering and other work on the Wilson job, so-called. Prior to September 12th, 1912, the plaintiff had been furnishing materials and supplies to Pettine which were necessary for him in order that he might do the plastering on the Wilson job. It was necessary for Pettine to obtain materials from the plaintiff in order to perform and complete his contract with the defendant. On September 12th, 1912, the plaintiff refused to furnish further materials or supplies to Pettine unless given security for the payment of materials and supplies furnished and to be furnished to him. As an inducement for and a consideration for further supplies to be furnished by the plaintiff to Pettine, the defendant accepted the order of Pettine on it, which order and acceptance are set out in the opinion.

The plaintiff would not have furnished the materials and supplies necessary for the completion of the plastering unless the defendant had accepted the order in question. This order was accepted so as to be payable after the plastering was done, for the reason that the defendant, according to the terms of its contract with Wilson, would receive a payment from Wilson on his contract upon the completion of the plastering. The plastering would not have been completed unless the

plaintiff had furnished the materials and supplies in question at the defendant's request. On November 1st, 1912, the plastering was completed according to the terms of the order, and the plaintiff's materials and supplies, furnished according to the terms of the order, were used thereon.

Upon the completion of the plastering the plaintiff demanded payment of the sum of $250 due under said order from the defendant, which the defendant neglected and refused to pay. The sum of $250 has been due to the plaintiff from the defendant since November 1st, 1912, which, with interest to the date of judgment, amounted to $327.50.

*William E. Thoms* and *Arthur F. Ells*, for the appellant (defendant).

*Frank P. McEvoy*, for the appellee (plaintiff).

GAGER, J. This is an action by the payee of a non-negotiable bill of exchange against the acceptor. It is claimed that the court erred in sustaining the demurrer to paragraphs 2, 3 and 5 of the first special defense. The bill drawn by Pettine as the basis of the complaint, and the acceptance of the defendant, were in the form following, to wit: "Please pay J. E. Smith & Co., Inc., $250.00 on the Wilson job and charge the same to my account." The acceptance was conditional and was as follows: "Accepted. The W. M. Hurlburt Company, C. W. Hurlburt. Payable when plastering is done."

The first special defense really attempts to set up two defenses; one of these, paragraph 6, is a denial that the condition of the completion of the plastering was ever complied with. This was not demurred to.

The paragraphs demurred to contain, in substance, the allegation of a different condition from that stated in the acceptance, by the assertion that the real agreement was that the plastering was to be completed by Pettine, that he failed to complete the job which was completed by other masons, and therefore the condition of payment was not complied with. In other words, there is an attempt to prove, by parol, a contemporaneous oral agreement materially different from the agreement contained in the writing. The trial court properly sustained the demurrer upon the authority of *Burns & Smith Lumber Co.* v. *Doyle,* 71 Conn. 742, 43 Atl. 483. In that case the court, speaking by TORRANCE, J., said (p. 745): "The acceptance sued upon is in writing, and is an absolute and unqualified one, as distinguished from a conditional one. It is well settled that in an action at law such an acceptance cannot be cut down to a conditional one, even by the clearest proof of a contemporaneous oral agreement to that effect. Such an agreement, however conclusively proved, would not avail the defendant for such purpose, and therefore all evidence of it is excluded." While that case was one in which the attempt was made to show by parol that a written unconditional acceptance was in fact a conditional acceptance, and the present case is an attempt by parol to substitute an additional condition to that stated in the writing, that is, by specifying the name of the person who was to complete this plastering, the rule must be the same. Of this rule the court there said (p. 745): "It is founded on the principle that the writing expresses the final views of the parties to the exclusion of all extrinsic, prior, or contemporaneous agreements or understandings. It is a salutary rule and should be strictly adhered to." In the same case the distinction between the attempt to modify a writ-

ten contract by parol, and the attempt to show by parol that the writing purporting to be the contract never came into existence as a contract or has ceased to be a contract, is clearly shown. Parol evidence is admissible for the latter purpose, but not for the former. Under its second special defense the defendant had the full benefit of the latter rule, and the court found against it on that specific defense.

In argument the defendant contends that the written condition, "payable when plastering is done," is ambiguous, and that by the paragraphs demurred to the ambiguity claimed to arise from the failure to state who was to complete the plastering, would be cleared up by showing that Pettine was to do this, and invokes the rule stated by CHIEF JUSTICE ANDREWS in *In re Curtis-Castle Arbitration*, 64 Conn. 501, 514, 30 Atl. 769. The question there was as to the meaning of "work" in a contract to work certain streets; and parol evidence was admitted to show the special meaning of the term as understood by the parties at the time the contract was made. The doubt must arise as to the true sense and meaning of the words themselves. This rule was followed in *Parker* v. *Selden*, 69 Conn. 544, 38 Atl. 212, where the question was as to the meaning of the expression "spring shipment," in a mercantile contract. But there it was held that evidence was not admissible to show that the time extended beyond July 1st, for that would be to make a different contract from the one alleged. In the present case no ambiguity is claimed as to the meaning of the words of acceptance, but the attempt is to add a new and additional condition by requiring the completion of the work to be done by Pettine, the drawer of the order. This precise point has been before the Supreme Judicial Court of Massachusetts in several cases. In *Robbins* v. *Blodgett*, 124 Mass. 279,

the order was, "to be paid when the house is finished." Neither the contractor nor the owner finished the house. It was sold unfinished and finished by the purchaser. The court held that the order became payable when the house was in fact finished, no matter who finished it. The condition there was contained in the order, and the court said (p. 281): "It is general in its terms, and is payable absolutely when the house is finished; and it is immaterial who completed it. If the defendant wished to limit his liability, he should have done so when he accepted the order." *Russell* v. *Barry*, 115 Mass. 300; *Cook* v. *Wolfendale*, 105 Mass. 401; 8 Corpus Juris, 328, note 53; *Beard* v. *Boylan*, 59 Conn. 181, 187, 22 Atl. 152.

Some question is made because the demurrer is directed to specific paragraphs of the answer. The three paragraphs demurred to were not so unconnected with the subject of defense that they should have been expunged, and the court properly denied the motion to expunge. The three paragraphs taken together do attempt to state a defense, to wit: that the acceptance was other than manifested by the writings, and the pleader would have better conformed to the rule to have considered them in the demurrer as a unit and as stating a single defense. The demurrer to each of the paragraphs was based upon substantially the same reasons, and these reasons would have been equally good had the three paragraphs been treated as collectively stating a defense. The trial court could have strictly applied the rule requiring the pleader to recast his demurrer. Practice Book (1908) p. 247, § 155 (c). It did not do so, but, as appears from the memorandum of decision, regarded and ruled upon the paragraphs as a whole. The result reached was correct, and we cannot base error on pure matter of form where it is perfectly certain that if the error

of form were corrected the result would be the same.

The second, third and sixth reasons of appeal are based upon a claim that the complaint was insufficient because it contained no allegation of a sufficient consideration for the instrument sued upon. It is enough to say that the pleadings do not disclose any such criticism of the complaint. The defendant did not demur, and the answer nowhere raises the question of consideration; and the defendant went to trial admitting the sufficiency of the complaint. The point not having been raised, the court was not called upon to make a ruling and did not do so.

It is to be observed, however, that the complaint does set forth a consideration for the order. It alleges, in paragraph 1, an indebtedness by the drawer to the payee, and, in paragraph 2, the order by the drawer upon the drawee, the defendant, to pay the amount of the indebtedness to the payee. The objection, of no consideration, if taken, would have been of no avail so far as the order is concerned, for the omission of the words "value received" or their equivalent in the order itself is supplied by the allegation of the indebtedness from the drawer to the payee in the first paragraph of the complaint.

Under our law an order such as the present is a non-negotiable bill of exchange and is quite unaffected by the Negotiable Instruments Act. This was decided after full discussion in *Windsor Cement Co.* v. *Thompson*, 86 Conn. 511, 86 Atl. 1, citing the earlier case of *Jarvis* v. *Wilson*, 46 Conn. 90. In *Jarvis* v. *Wilson* a nonnegotiable bill of exchange was accepted orally. The acceptor claimed that the acceptance should be held void for want of consideration. That case, like this, appears to have been tried upon the general issue, so that the point was not raised upon the pleadings.

The court there say (p. 92): "This objection ignores the fundamental principle that the acceptance admits everything essential to the validity of the bill, and that want or failure of consideration cannot be shown in a suit by the payee against the acceptor. The presumption is that every bill of exchange is drawn on account of some indebtedness from the drawee to the drawer, and that the acceptance is an appropriation of the funds of the latter in the hands of the former. The rule of law is not unjust that prevents the acceptor from showing as a defense against a suit by the payee a want of funds of the drawer in his hands, for it was his duty to ascertain before he accepted the bill whether he owed the drawer that amount. This was exclusively within his knowledge, but the plaintiff had no means of knowing how the fact was, and he had a right to assume that the defendant would not accept the bill unless he had funds of the drawer sufficient to make good the acceptance."

Such an acceptance of a bill of exchange appears to be regarded as analogous to the certification of a check by a bank. *Garrettson* v. *North Atchison Bank*, 39 Fed. Rep. 163, 47 Fed. Rep. 867; *Corbett* v. *Clark*, 45 Wis. 403, 30 Amer. Rep. 763. *Jarvis* v. *Wilson* has been cited frequently in the text-books, and without question so far as we have observed. The law as there stated is decisive of the present case.

The fourth reason of appeal is that the court erred in holding as matter of law that it was not necessary for the plaintiff to prove any consideration for the instrument sued upon; the record does not disclose any such ruling, but does show that the objection of the defendant to testimony tending to show consideration was overruled and the fact of consideration was found as hereinafter stated.

The remaining reason of appeal is that the court

erred in holding that the allegations of the complaint were sufficient to support the judgment. It is sufficient to say that the judgment was strictly responsive to the allegations of the complaint.

Even were there any substance to appellant's claim as to consideration, the finding shows ample consideration for the acceptance. The finding is that as an inducement and consideration for further supplies to be furnished by the plaintiff to said Pettine, the defendant accepted the order in question, that the plaintiff would not have furnished the supplies and materials without the acceptance, and that plaintiff's supplies and materials were in fact used in the plastering. The appellant appears to rely upon *National Savings Bank* v. *Cable*, 73 Conn. 568, 48 Atl. 428. In that case one Burke and his wife took a deposit-book in the savings-bank upon which, by their direction, this memorandum in writing was made: "A. J. Burke and wife. John D. Edwards may withdraw for completion of building, Kimberly Ave." Edwards made an order upon said deposit to Cable, neither expressing that it was for value nor stating what the purpose of it was. Subsequently Burke and wife assigned the deposit to one Brothers. Both parties made claim upon the bank, the bank brought an interpleader between them, and the contest was not between the acceptor and the payee, but between the two rival claimants under the order and the assignment. A demurrer was taken to Cable's claim, on the ground that Edwards' order was invalid in that it did not appear that the order was drawn for the purpose for which, under the terms of the deposit, he was authorized to draw it, and the court held that the demurrer was properly taken. The demurrer related to the validity of the order; no reference is anywhere made in the pleadings to the acceptance or its effect; and the case is not in point upon the ques-

tions now before us; for whatever was said there by the court about consideration, must be limited to the scope of the demurrer and the parties affected by the demurrer.

There is no error.

In this opinion the other judges concurred.