DANIEL POUZZNER
(Trustee in Bankruptcy of Sclank's, Inc.)
vs.
HYMAN SCLANK and HYMAN SCLANK
(As Receiver of Sclank's, Inc.)

Superior Court      New Haven County          File #48044

Present:   Hon. JOHN A. CORNELL, Judge.

Philip Slavitt,                    Attorney for the Plaintiff.

Stoddard, Wetzler, Persky & Eagan,
John M. Chapnick,              Attorneys for the Defendant.

## MEMORANDUM FILED DECEMBER 21, 1935.

CORNELL, J.   The complaint alleges that the defendant, Hyman Sclank was appointed temporary receiver of "the goods and chattels" of Sclank's, Inc., by a judge of this court on June 28, 1934, and authorized to continue to operate the business of the corporation; that, thereafter, on September 22, 1934, he was appointed Permanent Receiver by another judge of this court; that he qualified and entered upon the performance of his duties in each respective capacity, among which duties was that of conducting the business of the corporation under certain orders of said judges; that, thereafter, on October 29, 1934 an involuntary petition of bankruptcy was filed against Sclank's, Inc., upon which plaintiff was appointed receiver, by the United States District Court; that in due course Sclank's, Inc., was adjudged bankrupt and the plaintiff, on November 19, 1934, elected trustee, qualified and is now acting as such.

The complaint further alleges several acts performed and courses of conduct engaged in by Sclank while acting as receiver which it is claimed constitute neglect of his duties and defaults of other species.

Among these are listed Sclank's acts as receiver in pursuing the following conduct, viz.,

(1)   in issuing checks in payment of merchandise purchased by him as receiver which checks were issued by him when he knew or should have known that the receiver did not have on deposit in the banks upon which checks were drawn, funds sufficient to pay said checks and said checks were, in consequence, dishonored;

(2) that he, as receiver, temporary and permanent created and incurred expenses and indebtedness which have not been paid.

(3) that, as receiver, he represented to certain persons that he could pay for merchandise which they sold to him as receiver when he knew that he had no funds to pay for such merchandise.

. . . . that in consequence of the foregoing he, as receiver, failed to faithfully perform his duties as such and was guilty of acts and conduct which constituted malfeasance and misfeasance in office.

The demurrer is filed by Sclank as receiver not by him, individually. While five grounds are assigned in support of this they may all be summed up in the language of the first and fifth. These, in substance allege that the conduct in question did not constitute an act or omission amounting to a failure to faithfully perform his official duties and to render a proper accounting thereof.

Ordinarily, when a receiver is sued in his official capacity no liability is attempted to be fastened on him, personally and any judgment recovered against him is to be satisfied not out of his, but out of the receivership, estate. In such case, it is not the receiver who is the object of judicial attention but the estate which he is administering and he appears in the litigation only in his representative capacity, and figuratively as the estate. If the plaintiff succeeds in his quest, the estate out of its funds and not the receiver personally out of his, is answerable, in that another claim is established against it or it is otherwise required to respond according to the character of the action and the relief sought and afforded.

The real purpose of the present action is apparently to establish personal liability on the part of the receiver because of his conduct as receiver and, thus, to hold his surety. Whether in this programme a judgment against the receiver, as receiver, for his defaults as receiver would accomplish anything is a question not raised by the demurrer.

It is quite true, as defendant urges that a receiver's duties are fundamentally limited to collecting all the assets of the estate, conserving them and distributing them to those ulti-

mately found to be entitled to share in them.

It will require no citation of authorities to establish that the only justification for a court's authorizing a receiver to conduct the business of a corporation in receivership is as a measure of conservation. No other purpose can sanction it.

From this it inevitably results that in operating a business, a receiver is engaged in one of his primary duties, viz., conserving the assets of the estate for the benefit of those having an interest in it.

In so doing he is, of course, answerable to the court whose officer he is for any dereliction and to the creditors and stockholders if his misconduct results in the diminishment or loss of the receivership funds. There is no need to refer here to the almost universally applied rule by which it is to be determined whether or not he is guilty of malfeasance or misfeasance.

It may be conceded as claimed by the defendant, that moral turpitude, is not alone sufficient to subject him to liability to creditors or stockholders. He is answerable to either or both of the latter, not because of his breaches of ethics or the illegal means to which he may have resorted in his conduct of the receivership business; but only if by his acts he has injured either or both of these classes of persons by losing or lessening the estate in which they would be entitled to share had it been administered with reasonable prudence. Not inconceivably, a receiver may be guilty of gross misconduct—such as would make him answerable to other persons who have suffered injury because of it and, mayhap to the court which his actions as its officer have tended to bring into disrepute—and yet no pecuniary detriment result to either creditors or stockholders. In such case, of course, since the latter are not injured they have no cause of action against him.

It is upon this premise, the legalistic soundness of which must be granted, that defendant here demurs—not to the entire complaint insofar as it affects defendant as receiver, but to the same only insofar as the specific conduct mentioned purports to state a cause of action. **Practice Book, #97.**

The subject-matter demurred to is not in itself descriptive of any failure on the part of the defendant receiver to perform the duty owed creditors. No analysis of it is necessary to

make this plain.

But if it is alleged that by reason of such conduct, "the interests of the creditors of Solank's Inc., creditors of Hyman Sclank, Receiver of Sclank's, Inc., and the stockholders of Sclank's, Inc.,. have been greatly damaged thereby" **(see paragraph IV of Plaintiff's More Specific Statement amending paragraph 24 of the complaint).**

If the foregoing reasoning is correct, the subject-matter of this paragraph supplies a material element to the other facts alleged in the complaint to which, taken together, the defendant receiver has addressed his demurrer.

As the demurrer reads it is aimed at certain allegations culled from the others in the complaint which it is true would alone state no cause of action. But it omits other allegations contained in the complaint which are essentially a part of the cause of action attempted to be stated at which the demurrer is levelled.

It is not permissible to demur to certain paragraphs or a certain set of allegations in a pleading, except insofar as the same purport to state a single cause of action. **Smith vs. Hurlburt Co. 93 Conn. 391, 398.**

Where a demurrer is filed to a certain cause of action purported to be stated by a combination of allegations in a pleading, all of the allegations material or relevant to such cause of action must be included since in no other way can the sufficiency of the alleged facts purporting to state such cause of action be determined. **Hill vs. Fair Haven & W.R. Co. 75 Conn. 177, 180. 181..** Here the facts demurred to omit allegations material to and necessarily involved in a determination of whether the complaint states such a cause of action as is demurred to.

The demurrer must consequently be, and is, overruled on all grounds.