The within memorandum is for the sole purpose of assisting counsel to proceed properly in the way of filing appropriate papers to the end that the court may eventually have before it for consideration everything that is required by statute and rules of court. This memorandum as such has not been requested by counsel. A recent examination of the file in the case, however, leads the court to believe that something should be put in writing by it as a guide to counsel. At all times the record of a case should be safeguarded and made to comply with the requirements of the law.
The following matters are of present moment:
1. On September 21, 1943, the court sustained the demurrer of the defendant Walter H. Hart, Inc., addressed to the plaintiff's complaint, which is of the nature of a bill of interpleader. In its memorandum of decision the court made certain suggestions to plaintiff's counsel for future purposes.
2. On September 27, 1943, the plaintiff filed an amendment to her complaint which purports to adopt the suggestions of the court in its memorandum on the aforesaid demurrer.
3. On September 30, 1943, the defendant Hart, Inc., filed what it styles a "Statement of Claim"; this statement contains no admission as to the truth of any of the allegations of plaintiff's bill of interpleader but does make claim to the sum of money involved, to wit, $310.
4. On October 14, 1943, the defendant Voghel filed what it styles an "Answer And Statement"; this combined pleading and statement admits the allegations contained in plaintiff's bill of interpleader and then recites the statement of this defendant respecting his right to the sum of money involved. *Page 215 
5. To date there has been filed no motion for an interlocutory judgment of interpleader.
Plaintiff's complaint is in the nature and form of a bill of interpleader, under the statute and her status is alleged to be that of a stakeholder. Consequently, the statute and the rule set out in the Practice Book (1934) must be followed. See
General Statutes, Revision of 1930, § 5911; Practice Book (1934) § 58, p. 35; compare Form 622, Practice Book (1934) p. 394, de interlocutory judgment of interpleader in action brought by a stakeholder such as the plaintiff herein claims to be; and particularly examine the notation to interlocutory judgment file Forms 622 and 623, appearing on page 395 thereof and notation to interpleader complaint Form 500, page 318 of Practice Book. In addition see comment of the Supreme Court in National Savings Bank vs. Cable, 73 Conn. 568,572.
The court is of the opinion that the papers filed to date by the defendants are, if anything, premature. The court is of the further opinion that the following outline should be adopted at this time as the correct course of procedure:
1. The defendants file an answer or enter into a stipulation respecting the truth of the material factual allegations appearing in plaintiff's complaint.
2. Plaintiff then file a motion for an interlocutory judgment of interpleader, which in its nature will give the court an opportunity at the hearing thereon (Short Calendar) to determine whether or not an interlocutory judgment should be entered.
 (a) If the court concludes in the negative, that ends the matter;
 (b) if the court concludes in the affirmative, then such judgment is entered patterned upon Form 622 of the Practice Book (1934), which would contain a direction to the defendants to interplead on or before a certain date by filing statements of their respective claims;
 (c) in the event that certain material facts necessary to plaintiff's status as a stakeholder, alleged in the complaint, are put in issue by the answer of one or both defendants, evidence would be required at the hearing *Page 216 
on the existence of the necessary facts warranting the entering of such interlocutory judgment of interpleader.
As noted at the outset, the court at this time is only endeavoring to assist the parties in following what it believes to be the correct course of procedure to follow in a case of this character after the demurrer and motion stages (Practice Book [1934] § 83, p. 40) have passed. In the main, the foregoing outline is followed in both the Superior and Common Pleas Courts at New Haven. But what is more important, the outline seems to be in accord with the requirements of the law.
 Counsel may feel at liberty to discuss this matter with the court following the Short Calendar on Friday, October 22nd, or at any other time mutually convenient to all.