LOUIS S. SCHMALING ET AL. V.
THE GREENWICH TITLE COMPANY

SUPERIOR COURT    FAIRFIELD COUNTY    FILE No. 72542

Memorandum filed July 8, 1946.

*Maurice J. Buckley,* of Stamford, for the Plaintiff.

*Hirschberg, Pettengill, Strong & Deming,* of Greenwich, for
the Defendant.

KING, J.    After a demurrer to the original complaint had
been sustained (O'Sullivan, J.) on the basis, as appears by the
memorandum of decision, of the allegations of paragraph 6 of
the original complaint, the plaintiffs amended by striking out
that entire paragraph.

The defendant again interposed a demurrer and the matter came on for hearing at the closing short calendar on June 28, 1946.

The gist of the complaint is that in May of 1942 the plaintiffs were the owners of the equity of redemption, and in possession, of certain premises in Greenwich; that the present defendant, as assignee, held a mortgage in the original principal amount of $11,000 covering the premises and on that day commenced foreclosure thereof; that judgment of foreclosure was entered, without the plaintiffs' knowledge, on June 11, 1943, and the present plaintiffs' law day was set in December, 1943; that these plaintiffs did not redeem and the title vested in this defendant. Certain other allegations appear purporting to set up reasons for the plaintiffs' failure to act.

The relief sought is damages and a revesting of title in the plaintiffs upon their paying the defendant all sums due it, with interest and carrying charges.

It is obvious that this action is not, and cannot be, a proceeding to open the judgment of foreclosure under § 5084 of the General Statutes, since the complaint alleges that title has vested under the foreclosure in the defendant, and there is no waiver. *Crane* v. *Loomis,* 128 Conn. 697, 700.

If the complaint has any merit, it must be as an independent equitable action seeking to open the judgment of strict foreclosure. and grant relief from its operation. The conditions under which such an action will lie are set forth in *Crane* v. *Loomis,* supra, 700, and in *Hoey* v. *Investors' Mortgage & Guaranty Co.,* 118 Conn. 226, 230.

Assuming a demurrer to be proper in form, the test of its sufficiency, when addressed to a given cause of action in a complaint, is whether evidence would be admissible under the allegations of the complaint which would prove that particular cause of action. If so, then the demurrer must fail insofar as it attacks the mode of pleading that particular cause of action.

One insurmountable difficulty with this demurrer is that it is fatally defective in form. It purports to attack, on various grounds, particular paragraphs of the complaint, either alone or in conjunction with the other allegations of the complaint.

Where a number of grounds of action are set forth in a complaint, a demurrer must be addressed to the pleading at-

tacked in so far as it purports to state a particular cause of action. Practice Book, §§ 97, 99. Such a demurrer should follow form No. 347 in the Practice Book. If the complaint purports to set up but one cause of action, the demurrer must attack it as a whole.

There is no known way of avoiding making a sufficient analysis of a complaint to break it up into causes of action. It cannot be attacked paragraph by paragraph, either alone or in conjunction with the other allegations of the complaint. Nor in this case is the defect in the form of demurrer one which the trial court could disregard under the decision in *Smith & Co.* v. *Hurlburt Co.* 93 Conn. 391, 398.

It may be added that the demurrer, in some of its aspects, is also fatally defective for generality under General Statutes § 5507.

The demurrer is overruled on all grounds.